Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
Rebecca Lee (SBN 293453)
HARRIS & RUBLE
655 North Central Ave.
Glendale, California 91203
Telephone:  (323) 962-3777
Facsimile:  (323) 962-3004
aharris@harrisandruble.com
pmohan@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
600 Canterbury Lane
Sagamore Hills, Ohio 44067
Telephone:  (330) 748-4475
Facsimile:  (330) 748-4475
jpdorigan@aol.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. SCHROEDER and O. GUERRA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENVOY AIR, INC., and DOES 1–100, inclusive,<br><br>Defendants. | Case No. 2:16-cv-04911-MWF-KS<br><br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**SECOND AMENDED COMPLAINT**<br><br>*[PAGA Law Enforcement, Class and Collective Action Complaint]*<br><br>1. Failure to Provide Rest and Meal-Period Premium Wages in Violation of California Labor Code §§ 226.7 and 512<br><br>2. Failure to Provide Adequate Pay Stubs in Violation of California Labor Code § 226(a)<br><br>3. Failure to Provide Written Notice About Sick Days in Violation of California Labor Code § 246<br><br>4. Failure to Reimburse for Uniform-Maintenance Expenses in Violation of California Labor Code § 2802<br><br>5. California Labor Code § 221, Improper Deductions From Wages |

6. Failure to Maintain Accurate Payroll Records, Cal. Lab. Code § 1174 and IWC Wage Order 9

7. Failure to Pay Overtime Wages in Violation of California Labor Code §§ 510 and 1194

8. Violation of Los Angeles Administrative Code, Division 10, Chapter 1, Article 11, Section 10.37 et seq.

9. Violation of California Business and Professions Code § 17200 *et seq.*

10. Failure to Produce Employment Records Upon Request California Labor Code § 226(b)

11. Failure to Produce Employment Records Upon Request California Labor Code § 1198.5

12. Failure to Provide Proper Sick Leave Policy, Labor Code §§ 233, 234

13. Continuing Wages, Cal. Lab. Code § 203

14. Civil Penalties Pursuant to California Labor Code § 2698 *et seq.*

15. Failure to Pay Overtime and/or Minimum Wage Compensation, Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

16. Retaliation in Violation of Public Policy

**DEMAND FOR JURY TRIAL**

Plaintiffs K. Schroeder (hereinafter, "Schroeder") and O. Guerra ("Guerra") (collectively "Plaintiffs") on behalf of themselves as individuals and in their representative capacity and, with respect to Schroeder only, on behalf of the State of California Labor & Workforce Development Agency ("LWDA") under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), California Labor Code ("Labor Code") § 2698 *et seq*., allege as follows:

## INTRODUCTION:

1. This is a PAGA law enforcement, class and collective action seeking unpaid wages, continuing wages, liquidated damages, civil penalties and attorneys' fees and costs, including such reasonable reimbursement of fees and costs as may be authorized by Section 218.5 of the Labor Code. This Complaint asserts claims for violations of Labor Code; violations of Wage Order 9 of the Industrial Welfare Commission; violations of section 17200 *et seq*. of the California Business and Professions Code; and otherwise as hereinafter alleged. Pursuant to Rule 23 of the Federal Rules of Civil Procedure Plaintiffs bring this case individually and as a class action. Plaintiff Schroeder also brings this action pursuant to PAGA, which does not require class certification, on a representative basis on behalf of the Labor & Workforce Development Agency of the State of California (the "LWDA"). The alleged violations include failure to make timely payment of earned wages, provide proper meal and rest breaks, pay overtime and minimum wages, record keeping violations, waiting time violations, wage statement violations, continuing wages, improper deduction, and unfair competition, among other claims.

2. The Labor Code requires employers to provide to its employees, among other things, itemized wage statements, minimum and overtime wages, and prompt payment of wages upon termination. Defendant Envoy Air, Inc., a corporation ("Defendant" or "Envoy"), routinely failed to comply with the Labor Code or IWC Wage Order 9. Accordingly, Plaintiff Schroeder seeks civil penalties on behalf of the LWDA, to be shared with all impacted employees, all in accord with the extant statutory

1    scheme.

2       3.    Plaintiffs bring this class, collective action, and PAGA representative law

3    enforcement action against Envoy and Does 1–100 on behalf of all individuals issued

4    one or more wages statements by Defendant in California, in light of the partial

5    settlement of claims in <u>Mooney v. American Eagle Airlines, Inc.</u>, Los Angeles Superior

6    Court Case no. BC 445997 and/or <u>Grimm v. American Eagle Airlines, Inc.</u>, Central

7    District Court Case No. 11-CV-0406 JAK (MANx), for such dates as the Court may

8    deem appropriate, beginning no earlier than four years prior to the filing hereof to the

9    mailing of class notice (whether upon class certification or settlement) (the "Aggrieved

10   Employees").

11      4.    This action alleges that Envoy, *inter alia*, (1) failed to pay earned wages to

12   Aggrieved Employees on account of late, curtailed, or missed rest and meal periods; (2)

13   failed to provide Aggrieved Employees with proper wage statements; (3) failed to

14   adequately reimburse Aggrieved Employees for uniform maintenance expenses; (4)

15   collected unlawful deductions from employees; (5) unlawfully required Aggrieved

16   Employees to purchase uniforms; (6) failed to maintain payroll records; (7) failed to pay

17   minimum wage and the correct amount of overtime owed to Aggrieved Employees; (8)

18   failed to provide Aggrieved Employees with proper seating; (9) failed to comply with

19   the Living Wage Ordinance; (10) failed to produce Plaintiffs' employment records upon

20   request; and (11) engaged in unfair, unlawful, and/or fraudulent business practices in

21   violation of California law to the detriment of Aggrieved Employees and the general

22   public.

23      5.    This action is brought as a class action on behalf of all Aggrieved

24   Employees during the period beginning four years prior to the filing hereof to the

25   mailing of class notice. This action is also brought as a collective action on behalf of all

26   Aggrieved Employees from three years prior to the filing hereof to the mailing of class

27   notice. Plaintiffs also brings this suit on behalf the LWDA, intending to benefit the

28   LWDA and Aggrieved Employees who suffered violations of the Code at any time

1  commencing from one year prior to the filing of the initial Complaint, to date.

2  **JURISDICTION AND VENUE**

3      6.    This Court has jurisdiction over the subject matter of this action.

4      7.    As alleged more particularly below, venue is proper in the Central District of

5  California. Defendant operated within the State of California and does business in the

6  Southern District.  Defendant employed Plaintiffs and similarly situated employees

7  within California.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure Plaintiffs

8  bring this case individually and as a class action.

9      8.    This Court has personal jurisdiction over Defendant because, upon

10  information and belief, Defendant is either a resident of California, has minimum

11  contacts in California, or otherwise intentionally avails itself of the protections of

12  California so as to render California's exercise of jurisdiction over Defendant consistent

13  with traditional notions of fair play and substantial justice.

14  **PARTIES AND SUBSTANTIVE ALLEGATIONS**

15      9.    Schroeder is an individual, who, during the time periods relevant to this

16  Complaint, was and is a resident of the State of California. Defendant Envoy or its

17  predecessor, American Eagle Airlines, Inc., employed Plaintiff Schroeder as an Airport

18  Agent at LAX in the State of California from in or about 2007 until the present.

19      10.    Guerra is an individual, who, during the time periods relevant to this

20  Complaint, was and is a resident of the State of California. Defendant Envoy or its

21  predecessor, American Eagle Airlines, Inc., employed Plaintiff Guerra as an Airport

22  Agent at LAX in the State of California from in or about 2011 until in or about June

23  2015.

24      11.    Defendant Envoy is a Delaware Corporation which at all times relevant

25  hereto conducted substantial and regular business throughout California. Envoy was

26  formerly known as American Eagle Airlines, Inc., but changed its name in 2014.

27      12.    Defendants Doe One through and including Doe Ten are sued herein under

28  the provisions of section 474 of the California Code of Civil Procedure.  The true names

and/or capacities, whether individual, corporate, associate, or otherwise, of Defendant Does One through Ten, inclusive, are unknown to Plaintiffs at this time, and Plaintiffs therefore sue said Defendant by such fictitious names.  When the true names and capacities of said Defendant have been ascertained, Plaintiffs will amend this Complaint accordingly.  Plaintiffs are informed and believe and thereupon allege that each Defendant designated herein as a Doe is responsible, negligently, intentionally, contractually, or in some other actionable manner, for the events and happenings herein referred to, and caused injuries and damages proximately thereby to Plaintiffs as is hereinafter alleged, either through said Defendant's own wrongful conduct or through the conduct of their agents, servants, employees, representatives, officers, or attorneys, or in some other manner.

13.   Plaintiffs are informed and believe, and based thereon allege, that Defendant Envoy is a Temporary Services Employer within the meaning of Labor Code section 201.3.  As a Temporary Services Employer, Defendant contracts with clients or customers, such as various airlines, to supply workers to perform services.

14.   Plaintiffs contend that they and the other Aggrieved Employees were not provided with all required wages under California law on account of Defendant's failure to provide adequate rest and meal-break compensation.  As to such wages, section 512 of the Labor Code provides, in relevant part:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer

1   and the employee only if the first meal period was not waived.

2   Id. § 512(a).  Similarly, Industrial Welfare Commission ("IWC") Wage Order 9 states, in

3   pertinent part, that "[n]o employer shall employ any person for a work period of more

4   than five (5) hours without a meal period of not less than 30 minutes." 8 Cal. Code Regs.

5   11090 § 11(A).  Likewise, Wage Order 9 states that "[e]very employer shall authorize

6   and permit all employees to take rest periods, which insofar as practicable shall be in the

7   middle of each work period. The authorized rest period time shall be based on the total

8   hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

9   fraction thereof. However, a rest period need not be authorized for employees whose total

10   daily work time is less than three and one-half (3 ½) hours. Authorized rest period time

11   shall be counted as hours worked for which there shall be no deduction from wages." 8

12   Cal. Code Regs. 11090 § 12(A). Furthermore, according to section 226.7 of the Labor

13   Code, "[i]f an employer fails to provide an employee a meal or rest or recovery period . . .

14   in accordance with an applicable order of the Industrial Welfare Commission, the

15   employer shall pay the employee one additional hour of pay at the employee's regular

16   rate of compensation for each work day that the meal period . . . is not provided."  Cal.

17   Lab. Code § 226.7(b). Under the Labor Code, "[a]ll wages . . . earned by any person in

18   any employment are due and payable twice during each calendar month, on days

19   designated in advance by the employer as the regular paydays."  Cal. Lab. Code § 204(a).

20   Compensation for missed meal and rest periods constitutes wages within the meaning of

21   section 220 et seq. of the Labor Code.

22         15.   Further, with respect to section 204 of the Labor Code, the Defendant did

23   not always timely pay wages on the "days designated in advance by the employer as the

24   regular paydays."  For example, with respect to the paycheck dated March 4, 2016,

25   Defendant was tardy in paying wages which had accrued for the paydays from February

26   6, 2016 to February 19, 2016: tardy in paying wages which had accrued for the paydays

27   from November 14, 2015 to November 27, 2015; December 12, 2015 to December 25,

28   2015; December 26, 2015 to January 8, 2016; and February 6, 2016 to February 19,

2016.

16.    The nature of the work at Envoy is such that there are times when Plaintiffs and Aggrieved Employees are not provided timely lunch breaks and do not take them. On other occasions Plaintiffs and Aggrieved Employees are provided timely lunch breaks, but thereafter they are called back to work before the passage of thirty uninterrupted minutes or otherwise interrupted for business purposes during the break. However, for at least the period of time commencing four years prior to the filing of this Complaint to the present, Defendant failed to provide Plaintiffs and the other Aggrieved Employees with meal-period premium wages for those occasions on which they were not provided with adequate meal periods.  Defendant failed to provide such wages despite the fact that it kept track of those instances during which its employees either missed a meal period or were not provided an adequate meal period so that it could reverse the automatic meal-period deduction taken by its payroll system each workday. In addition to subjecting Defendant to compensatory and restitutionary damages for Plaintiffs, Defendant's failure to provide such compensation subjects it to civil penalties. See Cal. Lab. Code §§ 210, 558, 2698 et seq.; 8 Cal. Code Regs. 11090 § 20.  Although Envoy was previously sued for the same violation in Mooney v. American Eagle Airlines, Inc., U.S. Dist. Ct. Case No. CV 11-00406JAK (MANx) (C.D. Cal.), and was on notice that its conduct violated the Labor Code, Defendant continues to willfully violate the law by failing to provide meal-period premium wages.  Likewise, Envoy's violation of other labor code sections regarding the amount of overtime paid and other issues were also raised in Mooney, demonstrating the intentional misconduct here at issue.

17.    Likewise, there are times in which Plaintiffs were not provided rest periods. Often, Plaintiffs and the Aggrieved Employees were not able to take rest periods because of the flight schedules and were not compensated for this time.

18.    In addition to failing to provide adequate meal-period premium wages, Plaintiffs contend that Defendant failed to provide her, and the other Aggrieved

Employees, with adequate pay stubs.  In this regard, section 226 of the Labor Code provides:

(a)     Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and . . . **if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment**.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e)     An employee suffering injury as a result of a knowing and intentional

failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

. . . .

(g)     An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226 (emphasis supplied).  Similarly, IWC Wage Order 9 requires an employer to keep time records of meal periods unless all operations cease during such periods.  See 8 Cal. Code Regs. 11090 § 7(A)(3).

19.    On information and belief, Plaintiffs contend that Defendant failed to provide Aggrieved Employees with the data required by section 226 of the Labor Code and IWC Wage Order 9.  Attached hereto as **Exhibit 1** are true and correct copies of a sampling of Plaintiff Schroeder's wage statements. For example, Exhibit 1 shows that Envoy failed indicate that Plaintiff Schroeder is owed additional wages on account of working through meal periods.  Although Envoy is a temporary services employer, Exhibit 1 also fails to provide the rate of pay and total hours worked for each temporary services assignment.  In addition to subjecting Envoy to the damages specified in section 226(e), Envoy's failure to provide such information subjects it to civil penalties.  See Cal. Lab. Code §§ 226.3, 2698 *et seq.*; 8 Cal. Code Regs. 11090 § 20.

20.    Section 246(h) of the Labor Code states in part:

An employer shall provide an employee with written notice that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement described in Section 226 or in a separate writing provided on the

designated pay date with the employee's payment of wages. If an employer

provides unlimited paid sick leave or unlimited paid time off to an

employee, the employer may satisfy this section by indicating on the notice

or the employee's itemized wage statement "unlimited." The penalties

described in this article for a violation of this subdivision shall be in lieu of

the penalties for a violation of Section 226.

Cal. Lab. Code § 246(h). Plaintiffs' wage statements list the amount of sick time taken, but fail to list the amount of sick pay available. Envoy does not provide this information in a "separate writing." Envoy's violation of this section subjects it to civil penalties under Labor Code § 248.5.  Further, Envoy's sick pay policy violates sections 233 and 234 of the Labor Code. Section 233 of the California Labor Code states:

a) Any employer who provides sick leave for employees shall permit an

employee to use in any calendar year the employee's accrued and available

sick leave entitlement, in an amount not less than the sick leave that would

be accrued during six months at the employee's then current rate of

entitlement, for the reasons specified in subdivision (a) of Section 246.5.

This section does not extend the maximum period of leave to which an

employee is entitled under Section 12945.2 of the Government Code or

under the federal Family and Medical Leave Act of 1993 (29 U.S.C. Sec.

2601 et seq.), regardless of whether the employee receives sick leave

compensation during that leave.

. . .

 (c) An employer shall not deny an employee the right to use sick leave or

discharge, threaten to discharge, demote, suspend, or in any manner

discriminate against an employee for using, or attempting to exercise the

right to use, sick leave to attend to an illness or the preventive care of a

family member, or for any other reason specified in subdivision (a) of

Section 246.5.

(d) Any employee aggrieved by a violation of this section shall be entitled to reinstatement and actual damages or one day's pay, whichever is greater, and to appropriate equitable relief.

Cal. Lab. Code § 233. Section 234 of the Labor Code states:

An employer absence control policy that counts sick leave taken pursuant to Section 233 as an absence that may lead to or result in discipline, discharge, demotion, or suspension is a per se violation of Section 233. An employee working under this policy is entitled to appropriate legal and equitable relief pursuant to Section 233.

Cal. Lab. Code § 234. Defendant has an attendance policy that uses a point system, and use of sick leave constitutes 1.0 point for every continuous occurrence. However, Plaintiffs and/or the Aggrieved Employees can be disciplined for accumulation of points under the policy, which can result in warning letters and/or termination. Defendant's policy is in violation sections 233 and 234 of the Labor Code.

21.   Section 2802 of the Labor Code states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in the direct consequence of the discharge of his or her duties." Id. § 2802(a).  Similarly, Wage Order 9 provides that, "[w]hen uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer."  8 Cal. Code Regs. 11090 § 9(A).

22.   On information and belief, Plaintiffs contend that Defendant failed to provide reasonable reimbursement to Aggrieved Employees for the maintenance of their uniforms, including the cost of dry cleaning. In addition to subjecting Defendant to damages, the failure of Defendant to provide such reimbursement subjects it to civil penalties.  See Cal. Lab. Code § 2698 et seq.; 8 Cal. Code Regs. 11090 § 20.

23.   In addition to failing to properly reimburse Plaintiffs and Aggrieved Employees for the maintenance of their uniforms, Envoy also took unlawful deductions

from Plaintiffs' paycheck, such as deductions for use of company travel, which Envoy's unlawful deductions subject it to damages and civil penalties.  See Cal. Lab. Code § 225.5.  In addition, without written authorization from Plaintiffs or the Aggrieved Employees Envoy would systematically make deductions from wages to recoup routine loans made to Plaintiffs and the Aggrieved Employees in the immediately prior paycheck.[1]

24.   In addition to failing to provide meal-period premium wages, failing to provide adequate pay stubs, and failing to reimburse uniform-maintenance expenses, Plaintiffs contend that Envoy failed to provide each of them with adequate seating.  In this regard, IWC Wage Order 9 states that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats."  8 Cal. Code Regs. 11090 § 14(A).

25.   According to the applicable Wage Order:

"**14.   SEATS**

(A) All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.

(B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

See Wage Order 9, ¶14. Section 1198 of the Labor Code provides that "the standard conditions of labor fixed by the commission shall be . . . the standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful." Cal. Lab. Code § 1198. Section 1198 of the Labor Code "renders unlawful violations of the suitable seating provision." Bright v. 99 cents Only Stores, 189 Cal. App. 4th 1472, 1479 (2010). Accordingly, Envoy is liable for civil

---

[1] Exhibit 2, DLSE Opinion Letter 2008.11.25 (Nov. 25, 2008).

1   penalties for its failure to provide adequate seating to Plaintiffs and the other Aggrieved

2   Employees.

3       26.   At all relevant times mentioned herein, section 1174 of the Labor Code

4   provided in pertinent part:

5       Every person employing labor in this state shall:

6       . . .

7       (d) Keep, at a central location in the state or at the plants or establishments at

8       which employees are employed, payroll records showing the hours worked

9       daily by and the wages paid to, and the number of piece-rate units earned by

10      and any applicable piece rate paid to, employees employed at the respective

11      plants or establishments. These records shall be kept in accordance with

12      rules established for this purpose by the commission, but in any case shall be

13      kept on file for not less than three years. An employee shall not prohibit an

14      employee from maintaining a personal record of hours worked, or, if paid on

15      a piece-rate basis, piece-rate units earned.

16  Cal. Lab. Code § 1174.

17      27.   Industrial Welfare Commission Order 9 further requires Defendant Envoy

18  to maintain time records that show when an employee's meal periods were taken.

19  Aggrieved Employees are not exempt from this requirement and therefore are entitled to

20  receive a statement of the hours they worked and meal periods they took, and to have

21  access to such records upon request to Defendant Envoy.

22      28.   Defendant Envoy knowingly and intentionally failed to provide such

23  Records in writing and refused to allow access to such records as required by section

24  1174 Labor Code and Industrial Welfare Commission Order 9.

25      29.   Labor Code § 2810.5 requires an employer to provide employees with

26  notice of, inter alia, the following: 1) each and every rate of pay and basis thereof,

27  whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise,

28  including any rates for overtime, as applicable; 2) regular payday designated by the

employer as required by law; 3) the name of the employer, including any "doing business as" names used by the employer; 4) the physical address of the employer's main office or principal place of business, and a mailing address, if different; 5) the telephone number of the employer; and 6) the name, address, and telephone number of the employer's workers' compensation insurance carrier. Because Defendant Envoy is a temporary services employer, as defined by Labor Code § 201.3, the notice must also include "the name, the physical address of the main office, the mailing address if different from the physical address of the mail office and the telephone number of the legal entity for whom the employee will perform work, and any other information the Labor Commissioner deems material and necessary." Cal. Lab. Code § 2810.5(a)(3).

30.   When Defendant Envoy made any changes to Plaintiffs' and Aggrieved Employees' rate of pay or pay plan, Defendant Envoy did not provide proper notice of these changes as required by Labor Code § 2810.5. Envoy is therefore liable for civil penalties for violation of Labor Code § 2810.5.

31.   Because Defendant Envoy requires employees to wear uniforms as a condition of employment, Industrial Welfare Commission Order 9 requires Defendant Envoy to provide and maintain the uniforms.

32.   Defendant Envoy knowingly and intentionally failed to provide and maintain uniforms to Plaintiffs and Aggrieved Employees as required by the Labor Code and Industrial Welfare Commission Order 9.

33.   At all times relevant hereto, sections 510, 1194, and 1198 of the Labor Code required (1) the payment of at least the minimum wage, (2) the payment of wages equal to one-and-one-half times an employee's regular rate of pay for all hours worked in excess of eight per day or forty per week, and (3) the payment of wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve per day and for all hours worked in excess of eight on the seventh day of work in any one workweek.

34.   At all relevant times mentioned herein, section 510 of the Labor Code

1   provided, in relevant part:

2       Eight hours of labor constitutes a day's work. Any work in excess of eight

3       hours in one workday and any work in excess of 40 hours in any one

4       workweek and the first eight hours worked on the seventh day of work in

5       any one workweek shall be compensated at the rate of no less than one-and-

6       one-half times the regular rate of pay for an employee.  Any work in excess

7       of 12 hours in one day shall be compensated at the rate of no less than twice

8       the regular rate of pay for an employee.  In addition, any work in excess of

9       eight hours on any seventh day of a workweek shall be compensated at the

10      rate of no less than twice the regular rate of pay of an employee.  Nothing in

11      this section requires an employer to combine more than one rate of overtime

12      compensation in order to calculate the amount to be paid to an employee for

13      any hour of overtime work.  The requirements of this section do not apply to

14      the payment of overtime compensation to an employee working pursuant to

15      any of the following:  (1) An alternative workweek schedule adopted

16      pursuant to Section 511.  (2) An alternative workweek schedule adopted

17      pursuant to a collective bargaining agreement pursuant to Section 514.

18  Cal. Lab. Code § 510(a).

19      35.   At all relevant times mentioned herein, section 1194 of the Labor Code

20  provided, in relevant part:

21      Notwithstanding any agreement to work for a lesser wage, any employee

22      receiving less than the legal minimum wage or the legal overtime

23      compensation applicable to the employee is entitled to recover in a civil

24      action the unpaid balance of the full amount of this minimum wage or

25      overtime compensation, including interest thereon, reasonable attorney's

26      fees, and costs of suit.

27  Id. § 1194(a).

28      36.   At all relevant times mentioned herein, section 1198 of the Labor Code

provided, in relevant part:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Cal. Lab. Code § 1198.

37.   With regard to the employment of Plaintiffs and the Aggrieved Employees, as described above, the provisions of subparagraphs (1) and (2) of section 510 of the Labor Code were inapplicable in that no alternative workweek schedule had been adopted pursuant to section 511 of the Labor Code and in that Plaintiffs' and the Aggrieved Employees' employment was not governed by a collective bargaining agreement as described in section 514 of the Labor Code.

38.   Plaintiffs worked for Defendant for more than three years prior to the filing of the Complaint.  Plaintiffs are informed and believe and based thereon allege that, as a matter of uniform company policy, Aggrieved Employees who worked in excess of eight hours a day and/or forty hours a week were not paid proper overtime compensation for all such hours worked, insofar as Defendant failed to use the correct regular rate when computing overtime wages[2] and Defendant routinely failed to pay overtime wages at all on account of services performed pursuant to shift trades.  E.g., Ex. 1, pay periods ending May 2, 2014 (104.5 hours paid at "Regular Pay"); May 30, 2014 (103.5 hours paid at "Regular Pay"); June 13, 2014 (80.4 hours paid at "Regular Pay"); June 27, 2014 (83.5 hours paid at "Regular Pay"); July 25, 2014 (87.5 hours paid at "Regular Pay"); September 19, 2014 (84 hours paid at "Regular Pay");  October 3, 2014, (82.5 hours paid at "Regular Pay"); January 23, 2015 (87 hours paid at "Regular Pay"); February 20,

---

[2] For example, see the $1000 "Above and Beyond Award" provided to Plaintiff Schroeder by check dated February 6, 2015, with respect "pay period" of February 6, 2015.

2015 (98 hours paid at "Regular Pay"); March 6, 2015 (83.5 hours paid at "Regular Pay"); July 24, 2015 (89 hours paid at "Regular Pay"—with 9.5 hours of straight time paid for CSW coded work on July 12, 2015); November 28, 2015 (85 hours paid at "Regular Pay"); February 19, 2016 (84.9 hours paid at "Regular Pay"); March 18, 2016 (88 hours paid at "Regular Pay"); April 1, 2016 (88 hours paid at "Regular Pay"). Plaintiffs also allege that Defendant failed to comply with sections 510, 1194, and 1198 of the Labor Code through the proper payment of the minimum wage.  On occasion, Plaintiffs and the Aggrieved Employees worked for seven straight days, but they were not compensated at the proper overtime rate for her hours of work on the seventh day, only being paid their straight time wages for that day.  See, e.g., Exhibit 1, wage statement for the week ending February 20, 2015.   Plaintiff Schroeder worked for seven straight days during the weeks ending February 12, 2016, February 19, 2016 and March 4, 2016.   Indeed, on May 2 and 23, 2014, Plaintiff Schroeder had worked for seven straight days, yet was not paid the double time wages to which she was entitled.

39.    Section 201.3 of the California Labor Code states:

(a) For purposes of this section, the following definitions apply:

(1) "Temporary services employer" means an employing unit that contracts with clients or customers to supply workers to perform services for the clients or customers and that performs all of the following functions:

(A) Negotiates with clients and customers for matters such as the time and place where the services are to be provided, the type of work, the working conditions, and the quality and price of the services.

(B) Determines assignments or reassignments of workers, even if workers retain the right to refuse specific assignments.

(C) Retains the authority to assign or reassign a worker to another client or customer when the worker is determined unacceptable by a specific client or customer.

(D) Assigns or reassigns workers to perform services for clients or customers.

(E) Sets the rate of pay of workers, whether or not through negotiation.

(F) Pays workers from its own account or accounts.

(G) Retains the right to hire and terminate workers.

 . . .

(b)(1) Except as provided in paragraphs (2) to (5), inclusive, if an employee of a temporary services employer is assigned to work for a client, that employee's wages are due and payable no less frequently than weekly, regardless of when the assignment ends, and wages for work performed during any calendar week shall be due and payable not later than the regular payday of the following calendar week. A temporary services employer shall be deemed to have timely paid wages upon completion of an assignment if wages are paid in compliance with this subdivision.

(2) If an employee of a temporary services employer is assigned to work for a client on a day-to-day basis, that employee's wages are due and payable at the end of each day, regardless of when the assignment ends, if each of the following occurs:

(A) The employee reports to or assembles at the office of the temporary services employer or other location.

(B) The employee is dispatched to a client's worksite each day and returns to or reports to the office of the temporary services employer or other location upon completion of the assignment.

(C) The employee's work is not executive, administrative, or professional, as defined in the wage orders of the Industrial Welfare Commission, and is not clerical.

(3) If an employee of a temporary services employer is assigned to work for a client engaged in a trade dispute, that employee's wages are due and

payable at the end of each day, regardless of when the assignment ends.

(4) If an employee of a temporary services employer is assigned to work for a client and is discharged by the temporary services employer or leasing employer, wages are due and payable as provided in Section 201.

(5) If an employee of a temporary services employer is assigned to work for a client and quits his or her employment with the temporary services employer, wages are due and payable as provided in Section 202.

(6) If an employee of a temporary services employer is assigned to work for a client for over 90 consecutive calendar days, this section shall not apply unless the temporary services employer pays the employee weekly in compliance with paragraph (1) of subdivision (b).

(c) A temporary services employer who violates this section shall be subject to the civil penalties provided for in Section 203, and to any other penalties available at law.

(d) Nothing in this section shall be interpreted to limit any rights or remedies otherwise available under state or federal law.

Cal. Lab. Code § 201.3. When Plaintiff Guerra's employment ended with Envoy, he was not timely paid all wages in violation of sections 201, 201.3, 202, and 203.

40.   Plaintiffs are informed and believe, and based thereon allege, that Defendant's labor practices and all other aspects of its operations, as well as the job duties of Aggrieved Employees and manner of compensating them, are stringently controlled and monitored pursuant to uniform standards established by Defendant that apply throughout the company and certainly throughout the State of California. Plaintiffs are informed and believe, and based thereon allege, that Defendant requires compliance with detailed standards for completing assigned tasks and running its operations.  As a result, Defendant functions and operates in substantially the same fashion at all California airports.  Accordingly, the Aggrieved Employees are similarly situated with regard to the matters alleged herein.

41.   Plaintiffs are informed and believes and based thereon allege that Defendant uniformly applies policies and procedures to all Aggrieved Employees with respect to compensation for missed meal periods and overtime.

42.   Plaintiffs are further informed and believes that Defendant uniformly applies policies and procedures to all Aggrieved Employees with respect to the maintenance of employment records.  As a direct and proximate result of the unlawful actions of Defendant, as alleged herein above and below, Plaintiffs have suffered and continue to suffer damages.

## CLASS-ACTION ALLEGATIONS

43.   Plaintiffs bring the first, second, fourth, fifth, sixth, seventh, eighth, ninth, twelfth, and thirteenth claims for relief alleged below pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Rule 23 provides:

(a) Prerequisites.  One or more members of a class may sue or be sued as representative parties on behalf of all members only if:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Types of Class Actions.  A class action may be maintained if Rule 23(a) is satisfied and if:  . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23. Pursuant to subdivisions (a) and (b)(3) of Rule 23, Plaintiffs seek to represent a Class consisting (hereafter referred to as the "Class") of all Aggrieved Employees during the period beginning no earlier than four years prior to the filing hereof to the mailing of class notice (such persons are referred to hereafter as "Class

Members," and such period is referred to hereafter as the "Class Period"). Plaintiff Guerra also seeks to represent a subclass of Aggrieved Employees whose employment with Defendant has terminated due to discharge or quitting (the "Former Employee Subclass") as well as a subclass of Aggrieved Employees who have provided services at Los Angeles International Airport, pursuant to the provisions of the Municipal Code as reflected in Exhibit 3 (the "LAX Subclass").

44. Defendant, as to Plaintiffs and each Class Member, failed to pay at least minimum wage and/or overtime for all hours worked pursuant to Los Angeles Administrative Code, Division 10, Chapter 1, Article 11, Section 10.37 et seq. and/or sections 510 and 1194 of the California Labor Code.  Accordingly, each Plaintiff and Class Member is entitled to payment of his or her unpaid minimum wage, liquidated damages thereon, unpaid overtime, and interest.

40. Defendant, as to Plaintiffs and each Class Member, also failed to accurately provide the data required by section 226(a) of the California Labor Code and, accordingly, Defendant's failure to provide such data entitles each Plaintiff and each Class Member to either actual damages or statutory liquidated damages, whichever is greater.  For example, insofar as Defendant automatically deducts minutes of paid time for meal periods taken by its employees, it is required to show this deduction on employees' itemized statements, per section 226.  Also, insofar as California law provides that the additional one-hour meal-period premium is a wage, Defendant is required to show this sum on its itemized wage statements.  Additionally, as a Temporary Services Employer within the meaning of Labor Code section 201.3, Defendant is required to show on employee wage statements, "the rate of pay and the total hours worked for each temporary services assignment." Cal. Lab. Code § 226(a)(9).  The failure to provide Plaintiffs and each Class Member with the required data, caused Plaintiffs and each Class Members injury by depriving them of information to which they were legally entitled. Despite the requirements of the statute, it is not possible for the employee "from the wages statement alone" to ascertain "(i) The amount of the gross

1  wages or net wages paid to the employee during the pay period or any of the other

2  information required to be provided on the itemized wage statement pursuant to items (2)

3  to (4), inclusive, (6), and (9) of subdivision (a)." Cal. Lab. Code §226(e)(2)(B).

4      45.    Defendant's failure to pay wages as provided by section 226.7 of the

5  California Labor Code and the applicable Wage Order entitles each Plaintiff and Class

6  Member to payment of such earned but unpaid wages owing on account of failing to

7  provide proper meal and rest periods and an additional hour of pay at the employee's

8  regular rate of compensation for each work day that the proper meal and rest periods

9  were not provided, as well as liquidated statutory damages.

10      41.    Defendant failed to reimburse Plaintiffs and Class Member for the required

11  maintenance of their uniforms.  Each Plaintiff and each Class Members is therefore

12  entitled to damages, including interest thereon, and they requests such relief as well as

13  civil penalties, all in accord with the requirements of section 2802 of the Labor Code.

14      42.    Defendant failed to provide proper sick leave pursuant to Labor Code §§

15  233, 234; Defendant had a policy that would discipline Plaintiffs and the Class for

16  accumulated sick leave. This entitles Plaintiffs and Class Members to damages, including

17  interest thereon, and they requests such relief as well as civil penalties.

18      43.    Defendant's practice of systematically deducting from wages to recoup

19  routine loans made to Plaintiffs and the Class, in the immediately prior paycheck,

20  notwithstanding the requirements of Labor Code §§ 221, 224, entitles Plaintiffs to

21  damages including interest thereon, and they requests such relief as well as civil

22  penalties.

23      46.    Defendant's practice of failing to maintain accurate payroll and time-

24  keeping records has damaged Plaintiffs and Class Members, in that they are unable to

25  determine from the wage statements alone the actual wages to which they are legally

26  entitled.

27      47.    Defendant's failure to make payments within the time provided by sections

28  201, 201.3, or 202 of the California Labor Code has been and is "willful" within the

meaning of section 203 of the California Labor Code and that, accordingly, Plaintiff Guerra and each Former Employee Subclass Member who quit or was discharged and was not paid in accordance with the law is entitled to the continuing wages provided for by section 203 of the California Labor Code.

48.    The number of Class Members is great, believed to be in excess of 100 persons, but less than 1,000, so as to make the class unmanageable.  It therefore is impractical to join each Class Member as a named plaintiff.  Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.  The number of Former Employee Subclass Members is believed to be in excess of 40, but fewer than 900 persons.

49.    Despite the size of the proposed Class, the Class Members are readily ascertainable through an examination of the records that Defendant is required by law to keep.  Likewise, the dollar amount owed to each Class Member is readily ascertainable by an examination of those same records.

50.    There is a well-defined community of interest in the questions of law and fact common to the Class.  The key questions are the same for each Class Member.  These common questions include, but are not limited to, the following:

    a.    Whether Envoy failed to provide accurate itemized wage statements to each and every employee.

    b.    Whether Envoy failed to provide employees with proper meal and rest periods.

    c.    Whether Envoy failed to provide a one-hour wage premium in those instances when employees were not provided with a meal and/or rest period.

    d.    Whether Envoy failed to provide a sick leave policy that violated Labor Code sections 233, and 234.

    e.    Whether Envoy's failure to properly reimburse uniform expenses to employees violated section 2802 of the Labor Code.

    f.    Whether Envoy failed to maintain accurate time-keeping and

1   payroll records.

2          g.      Whether Envoy's failure to provide accurate itemized wage

3   statements to each and every employee violates sections 226.

4          i.      Whether Envoy failed to pay overtime in a timely fashion under

5   California Labor Code sections 201.3, 204.

6          j.      Whether Envoy failed to pay minimum wage under California Labor

7   Code section 1194(a).

8          k.      Whether Envoy failed to pay proper minimum wages and/or overtime

9   wages under California Labor Code sections 510 and 1194 and Los Angeles

10  Administrative Code, Division 10, Chapter 1, Article 11, Section 10.37 et seq.

11         l.      Whether Envoy failed to comply with section 221 of the Labor Code

12  by making improper deductions from wages.

13         m.      Whether Envoy failed to pay all wages in a timely fashion upon

14  each and every employee's discharge from, or resignation of, employment in

15  violation of sections 201, 201.3, and/or 202 of the California Labor Code.

16     51.    There is a well-defined community of interest in the questions of law and

17  fact common to the Class Members.

18     52.    Plaintiffs' claims are typical of the claims of the Class Members, which

19  claims all arise from the same general operative facts, namely, Defendant did not

20  compensate its employees as required by the Los Angeles Administrative Code,

21  California Labor Code and applicable Wage Order.  Plaintiffs have no conflict of interest

22  with the other Class Members and are able to represent the Class Members' interests

23  fairly and adequately.

24     53.    A class action is a far superior method for the fair and efficient adjudication

25  of this controversy for a number of reasons.  First, the persons within the Class are

26  numerous and joinder of all of them is impractical.  Second, the disposition of all claims

27  of the members of the Class in a class action rather than in individual actions will benefit

28  both the parties and the Court.  In that regard, the claims of each individual member of

the Class are too small to litigate individually and the commencement of several hundred or more separate actions in this Court would lead to an undue burden on scarce judicial resources.  Further, the alternative of individual proceedings before the Labor Commissioner is impractical inasmuch as that agency has insufficient resources to promptly process such claims and, under the provisions of Labor Code section 98.2, if the individual class members were to succeed in obtaining awards in their favor, such awards may be appealed as a matter of right for a *de novo* trial in Superior Court, leading to a multiplicity of such trials in that court.  Further, absent class treatment, employees will most likely be unable to secure redress given the time and expense necessary to pursue individual claims and individual class members will likely be unable to retain counsel willing to prosecute their claims on an individual basis given the small amount of recovery available to each individual class member. As a practical matter, denial of class treatment will lead to denial of recovery to the individual members of the Class.

54.   The interest of each member of the Class in controlling the prosecution of his or her individual claim against Defendant is small when compared with the efficiency of a class action.

## FLSA COLLECTIVE-ACTION ALLEGATIONS

55.   Plaintiffs seek to represent all Aggrieved Employees during the period during the period beginning no earlier than three years prior to the filing hereof to the mailing of class notice (such persons are referred to hereafter as "Collective Action Members.").

56.   Plaintiffs are similarly situated to the Collective-Action Members in that Plaintiffs and the Collective-Action Members were employed by Defendant and in that Defendant did not pay Plaintiffs and the Collective-Action Members their overtime and/or minimum wages when due. Plaintiffs' consent to an FLSA collective action is attached hereto as **Exhibit 6**.

57.   This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

58.     All Collective-Action Members should be given notice and be allowed to given their consent in writing to participate in—in other words, to opt into—the collective action pursuant to 29 U.S.C. § 216(b).

## PAGA REPRESENTATIVE ACTION ALLEGATIONS

59.     On May 25, 2016 Plaintiff Schroeder gave written notice by certified mail of Defendant's violations of various provisions of the Labor Code as alleged in this Complaint to the Labor and Workforce Development Agency ("LWDA") and Defendant. See Letter from Alan Harris to the LWDA and Defendant (May 25, 2016) attached hereto as Exhibit 5. Included with the written notice to the LWDA and Defendant was a copy of Plaintiff Schroeder's draft Complaint, which outlined in detail the facts and circumstances concerning the violations alleged by Plaintiff Schroeder . On July 5th and 6th, Plaintiff Schroeder gave written notice to the LWDA (via email) and to Defendant (via certified mail), of the First Amended Complaint, which added allegations under sections 233 and 234. On July 13, 2016, Plaintiff Schroeder will give written notice to Envoy (via certified mail) and the LWDA (via email) of the allegations contained herein.

60.     More than thirty-three days have passed from the date of Plaintiff's May 25, 2016 notice to the LWDA and Plaintiff Schroeder has not been notified by the LWDA that it intends to investigate Plaintiff Schroeder's allegations.  Therefore, Plaintiff Schroeder, pursuant to section 2699.3(a)(2)(A), "may commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A).

61.     Plaintiff Schroeder is informed and believes and thereon alleges that Defendant has routinely failed to provide herself and other Aggrieved Employees with proper itemized wage statements, minimum and overtime wages, as well as proper meal premiums, and proper reimbursement of expenses. Defendant also unlawfully failed to keep accurate payroll records showing Aggrieved Employees' hours worked and wages paid.

62.     Plaintiff Schroeder alleges that Defendant violated PAGA through violations

of the Labor Code and through violations of IWC Wage Order 9. "PAGA actions can serve to *indirectly* enforce certain wage order provisions by enforcing *statutes* that require compliance with wage orders (e.g., § 1198, which prohibits longer work hours than those fixed by wage order or employment under conditions prohibited by a wage order)." Thurman v. Bayshore Transit Mgmt., Inc., 203 Cal. App. 4th 1112, 1132 (2012).

### FIRST CAUSE OF ACTION

Failure to Provide Meal Breaks and Rest Periods and Associated Meal Break and Rest Period Premium Wages
In Violation of California Labor Code §§ 226.7 and 512
(Claim by Plaintiffs and the Class against Defendant Envoy)

63.    Plaintiffs repeat and reallege all paragraphs in this Complaint as if fully set forth herein.  Defendant employed Plaintiffs and Class Members to conduct and transact its operations in the State of California.

64.    On shifts during which Defendant was required to provide meal periods to Plaintiffs and Class Members in accordance with California law, the employees were often deprived of the opportunity to take compliant meal periods.  Nevertheless, Plaintiffs and Class Members were routinely not paid earned meal period premium wages. In addition, Plaintiffs and Class Members routinely had thirty minutes deducted from their wages, as the Defendant failed and refused to keep track of the precise times when meal breaks were provided, for example, by permitting the employees to "punch out" when leaving for a meal break and "punch in" when returning.  The instances of Defendant's violations are recorded in Envoy's payroll system.  Under the Labor Code and the IWC's Wage Order, Plaintiffs and Class Members are therefore entitled to one additional hour of pay at their respective regular rates of compensation for each day during which they were deprived of meal periods, as well as an award of civil penalties to the LWDA on account of the above described practices.  See Cal. Lab. Code §§ 512, 226.7; 8 Cal. Code Regs. 11090 § 11(A).

65.    At all times herein relevant, section 226.7 of the California Labor Code and 8

California Code of Regulations section 11090 provided that employees must be provided rest periods of ten minutes for each four hours of work or major fraction thereof. Defendant routinely failed to provide sufficient relief worker assistance to enable its employees to always take such rest breaks.

66. Defendant's pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful, and Plaintiffs and Class Members are entitled to recover in a civil action the unpaid balance of the full amount of the meal-period and rest-period premiums owing, reimbursement of improperly deducted earned wages, reasonable attorney's fees, and costs of suit pursuant to the California Labor Code. Plaintiffs and Class Members request such a recovery.

67. Labor Code § 226.7 makes it unlawful for an employer to require any employee to work during any meal period or rest break mandated by an applicable California IWC Wage Order, statute, or regulation.

68. Because Defendant failed to provide the required rest breaks, it is liable to Plaintiffs and other Class Members for one hour of additional pay at the regular rate of compensation for each workday during which the proper rest periods were not provided, pursuant to Labor Code section 226.7 and California Code of Regulations section 11090, for the period of time from the three years prior to the filing of the Complaint to date.

69. During all times relevant, Defendant failed to provide rest breaks or meal periods as mandated by California law to Plaintiffs in violation of Labor Code § 226.7.

70. Defendant failed to pay Plaintiffs and Class Members timely meal period and rest period premium wages in conformance with the requirements of law. For this violation, Plaintiffs and Class Members are entitled to and seek one hour of premium pay for each day in which a meal period was not provided and an additional one hour of premium pay for each day in which a rest period was not provided. In addition, with respect to those days during which Defendant automatically deducted a thirty minute meal break from an employee, even though no such meal break was provided or fewer

than thirty minutes was provided, Plaintiffs and the Class Members seek recovery of any and all available remedies to the extent permissible, including recovery of wages, penalties, civil penalties, interest, attorneys' fees, and costs. Further, this Court should enter injunctive relief requiring Defendant to keep track of the beginning and end times for all meal breaks, ending the defense practice of automatically deducting such time from hours worked by its employees.

**SECOND CAUSE OF ACTION**

Failure to Provide Adequate Pay Stubs
In Violation of California Labor Code § 226
(Claim by Plaintiffs and the Class against Defendant Envoy)

71.    Plaintiffs repeat and reallege all paragraphs in this Complaint as if fully set forth herein .

72.    The Labor Code requires employers to furnish each employee with an itemized statement on a semi-monthly basis or with each paycheck showing the gross wages earned, net wages earned, and all applicable deductions.  See Cal. Lab. Code § 226(a).  Labor Code section 226 requires employers to provide access to such records.  See Cal. Lab. Code § 226(b).  Plaintiffs and Class Members are not exempt from this requirement and therefore are entitled to receive a statement of the hours they worked with each paycheck and to have access to such records upon request.

73.    Defendant Envoy failed to timely provide Plaintiffs and Class Members with wage statements conforming to the requirements of section 226(a) of the California Labor Code. For example, insofar as Defendant automatically deducts minutes of paid time for meal periods taken by its employees, it is required to show this deduction on employees' itemized statements, per section 226.  Also, insofar as California law provides that the additional one-hour meal-period premium is a wage, Defendant is required to show this sum on its itemized wage statements.  Additionally, as a Temporary Services Employer within the meaning of Labor Code section 201.3, Defendant is required to show on employee wage statements, "the rate of pay and the total hours worked for each temporary services assignment." Cal. Lab. Code § 226(a)(9).

The failure to provide Plaintiffs and Class Members with the required data, caused Plaintiffs and Class Members  injury by depriving them of information to which they were legally entitled.

74.    Despite the requirements of the statute, it is not possible for Plaintiffs and/or Class Members "from the wages statement alone" to ascertain "(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)."  Cal. Lab. Code §226(e)(2)(B).

75.    Plaintiffs and Class Members were injured by Defendant's failure to maintain and provide adequate payroll records, and they are therefore entitled to seek the amounts set forth in Labor Code section 226(e), including reasonable attorney's fees, civil penalties and costs of suit.  Further, this Court should enter injunctive relief requiring Defendant to keep track of the beginning and end times for all meal breaks, ending the defense practice of automatically deducting such time from hours worked by its employees, and enabling the Defendant to properly comply with section 226(a) of the Labor Code by, for example, providing an accurate statement of all hours worked, as well as gross and net wages.

## **THIRD CAUSE OF ACTION**
Failure to Provide Written Notice About Sick Pay
In Violation of California Labor Code § 246
(Claim by Plaintiffs individually against Defendant Envoy)

76.    Plaintiffs repeat and reallege all paragraphs in this Complaint as if fully set forth herein.

77.    Section 246(h) of the Labor Code states in part:

An employer shall provide an employee with written notice that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement described in Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages. If an employer

provides unlimited paid sick leave or unlimited paid time off to an

employee, the employer may satisfy this section by indicating on the notice

or the employee's itemized wage statement "unlimited." The penalties

described in this article for a violation of this subdivision shall be in lieu of

the penalties for a violation of Section 226.

Cal. Lab. Code § 246(h). Plaintiffs' wage statements list the amount of sick time taken, but fail to list the amount of sick pay yet available. Envoy does not provide this information in a "separate writing." Envoy's violation of this section subjects it to civil penalties under Labor Code § 248.5.

78.    Plaintiffs were injured by Defendant's failure to maintain and provide adequate payroll records, and they are therefore entitled to seek the amounts set forth in Labor Code section 248.5, including reasonable attorney's fees and costs of suit. Further, this Court should enter injunctive relief requiring Defendant to provide the required dates.

## FOURTH CAUSE OF ACTION
Failure to Properly Reimburse for Uniform-Maintenance Expenses
In Violation of California Labor Code § 2802
(Claim by Plaintiffs and the Class against Defendant Envoy)

79.    Plaintiffs repeat and reallege all paragraphs in this Complaint as if fully set forth herein.

80.    At all relevant times herein, Labor Code section 2802 provided, in relevant part:

(a) An employer shall indemnify his or her employee for all necessary

expenditures or losses incurred by the employee in direct consequence of the

discharge of his or her duties . . . .

(b) All awards made by a court . . . for reimbursement of necessary

expenditures under this section shall carry interest at the same rate as

judgments in civil actions.  Interest shall accrue from the date on which the

employee incurred the necessary expenditure or loss.

(c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing rights granted by this section.

Cal. Lab. Code § 2802.

81.     The Labor Code requires and IWC Wage Order 9 requires employers to fully reimburse employees for the maintenance of employee uniforms.  See Cal. 8 Cal. Code Regs. 11090 § 9(A).  Despite the fact that certain parts of the standard Envoy uniform carry the label "Dry Clean Only," Plaintiffs and Class Members have not been compensated fully for the required maintenance of their uniforms.  Dry cleaning costs have steadily increased over the past two decades, yet Defendant only reimburses Plaintiffs and Class Members in the amount of $2.31 per week.  Defendant has not increased its uniform maintenance reimbursement rate for at least twenty years.  Plaintiffs and Class Members are therefore entitled to damages, including interest thereon, and Plaintiffs requests such relief as well as civil penalties, all in accord with the requirements of section 2802 of the Labor Code.  Further, this Court should enter injunctive relief requiring Defendant to properly reimburse Plaintiff Schroeder and other employees for the reasonable cost of uniform maintenance.

## FIFTH CAUSE OF ACTION

Unlawful Deductions in Violation of California Labor Code §§ 221, 224
(Claim by Plaintiffs and the Class against Defendant Envoy)

82.     Plaintiffs repeat and reallege all paragraphs in this Complaint as if fully set forth herein.

83.     At all times relevant to this Complaint, Labor Code § 221 was in full force and effect and binding on Defendant Envoy. The section prohibits Defendant from collecting any part of wages paid by the employer to the employee. Labor Code section 224 states:

The provisions of Sections 221, 222 and 223 shall in no way make it unlawful for an employer to withhold or divert any portion of an employee's wages when the employer is required or empowered so to do by state or federal law or when a deduction is expressly authorized in writing by the employee to cover insurance premiums, hospital or medical dues, or other deductions not amounting to a rebate or deduction from the standard wage arrived at by collective bargaining or pursuant to wage agreement or statute, or when a deduction to cover health and welfare or pension plan contributions is expressly authorized by a collective bargaining or wage agreement.

Nothing in this section or any other provision of law shall be construed as authorizing an employer to withhold or divert any portion of an employee's wages to pay any tax, fee or charge prohibited by Section 50026 of the Government Code, whether or not the employee authorizes such withholding or diversion.

Labor Code § 224.

84.     Notwithstanding the requirements of Labor Code §§ 221, 224, without written authorization from Plaintiffs and/or Class Members, Defendant Envoy systematically makes deductions from wages to recoup routine loans made to Plaintiffs and Class Members in the immediately prior paycheck.

85.     Plaintiffs are informed and believe, and thereon allege that the deductions made by Defendant Envoy are unlawful and constitute an improper collection of wages previously paid in violation of Labor Code §§ 221, 224.  Plaintiffs and Class Members are therefore entitled to the recovery of all improper deductions and civil penalties pursuant to Labor Code § 225.5.   Further, this Court should enter injunctive relief requiring Defendant to end its illegal practice as outlined above.

### SIXTH CAUSE OF ACTION
Failure to Maintain Accurate Payroll Time Records,
Labor Code section 1174, IWC Wage Order No. 9
(Claim by Plaintiffs and the Class Against Defendant Envoy)

86.     Plaintiffs repeat and reallege all paragraphs in this Complaint as if fully set forth herein.

87.     Defendant Envoy has violated California Labor Code section 1174 and IWC Wage Order No. 9 by willfully failing to keep required payroll records showing the start-time and end time of meal periods provided to Plaintiffs and Class Members.  Indeed, the IWC Wage Order requires that the employer maintain "[t]ime records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded."  8 Cal. Code Regs. § 11090(7)(A)(3). Defendant Envoy failed to properly maintain such records.

88.     As a direct and proximate result of Defendant Envoy's failure to maintain payroll records, Plaintiffs and Class Members suffered actual economic harm as they have been precluded from accurately monitoring the number of hours worked and thus seeking all accrued pay.

89.     Plaintiffs also requests injunctive relief as well as the relief described below.

### SEVENTH CAUSE OF ACTION
Failure to Pay Overtime and Minimum Wages in Violation of California Labor Code
§§ 510 and 1194, 1197 and IWC Wage Order 9
(Claim by Plaintiffs and the Class against Defendant Envoy)

90.     Plaintiffs repeat and reallege all paragraphs in this Complaint as if fully set forth herein.

91.     Within the four years before the filing of this Complaint, Defendant has employed Plaintiffs and others Airport Agents at various locations in California.

92.     Section 1197 of the Labor Code states:

The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.

1    This section does not change the applicability of local minimum wage laws

2    to any entity.

3  Labor Code § 1197.

4    93.    Defendant, by failing to pay Plaintiffs and Class Members, at least the

5  minimum wage and/or overtime compensation for all of their hours worked, as required

6  by and in violation of sections 510, 1194 and 1197 of the California Labor Code.

7    94.    During all relevant time periods after January 1, 2000, Labor Code section

8  510 applied to Plaintiffs and Class Members and provided that any work performed by a

9  non-exempt employee in excess of eight hours a day or in excess of forty hours a week

10  must be compensated at one-and-one-half times the employee's regular rate of pay.

11  Work in excess of twelve hours per day must be compensated at double time.  Defendant

12  did not properly compensate Plaintiffs and Class Members for all hours worked.  For

13  example, in the pay period ending August 7, 2015, Plaintiff Schroeder was inexplicably

14  paid for 89 hours of straight time work. Defendant required Plaintiff Schroeder to work

15  more than eight hours in a day, but did not compensate Plaintiff Schroeder for all

16  overtime worked.

17    95.    Defendant also failed to properly calculate the overtime rate of wages owing

18  to Plaintiffs and Class Members.

19    96.    Defendant's improper actions have proximately caused Plaintiffs and Class

20  Members damages that they are entitled to recover, including their unpaid overtime

21  compensation and penalties, civil penalties and/or liquidated damages arising therefrom,

22  as well as interest thereon, costs, and attorney's fees.

23    97.    In failing to compensate Plaintiffs and Class Members for minimum wages

24  and overtime, Plaintiffs are informed and believe and based thereon allege that

25  Defendant acted and continues to act maliciously, oppressively, and despicably, with the

26  wrongful intention of causing injury and hardship to Plaintiffs and Class Members by

27  reaping economic gain at their expense, in a willful and conscious disregard of their

28  statutory and regulatory right to minimum wage and overtime compensation.

98.   Plaintiffs are informed and believes and based thereon alleges that Defendant knew or should have known that Plaintiffs and Class Members should have been paid a premium for all overtime hours they worked and purposely and unfairly elected not to pay them for all their time worked and their overtime labor, thereby subjecting Defendant to damages, penalties and civil penalties.

99.   Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation, as described herein, is unlawful, and Plaintiffs are entitled to recover in a civil action the unpaid balance of the full amount of the overtime premiums owing, including interest thereon, as well as penalties, civil penalties, reasonable attorney's fees, and costs of suit pursuant to the Labor Code. Plaintiffs request such a recovery.

### EIGHTH CAUSE OF ACTION
Violation of Division 10, Chapter 1, Article 11, Section 10.37 *et seq.* of the City of Los Angeles Administrative Code
(Claim by Plaintiffs and the LAX Subclass against Defendant Envoy)

100.  Plaintiffs repeat and reallege all paragraphs in this Complaint as if fully set forth herein.

101.  At all relevant times, Division 10, Chapter 1, Article 11, Section 10.37 *et seq.* of the City of Los Angeles Administrative Code stated that the Defendant "shall pay Employees a wage of no less than the hourly rates set under the authority of this article." A copy of the Chapter 1, Division 10, Article 11, § 10.37 is attached hereto as Exhibit 3. This LWO has increased periodically since its passage. See Exhibit 4, Current and Prior Living Wage Rates for Airport Employees. Defendant failed to properly compensate Plaintiffs and Members of the LAX Subclass under the LWO. By failing to pay Plaintiffs and Class Members  in accordance with the Living Wage Ordinance, Defendant violated Division 10, Chapter 1, Article 11, Section 10.37 *et seq.* of the City of Los Angeles Administrative Code.

102.  Defendant's failure to compensate Plaintiffs and Members of the LAX Subclass with the minimum compensation required active knowledge, and Defendant's

knowledge of its obligation to properly compensate Plaintiffs and LAX Subclass Members was "willful."

103.  Plaintiffs and LAX Subclass Members are accordingly entitled to the payment of back wages by Defendant in an amount to be determined by proof, and penalties of treble the amount thereof to be paid as damages.

### NINTH CAUSE OF ACTION
Violation of California Business and Professions Code § 17200 et seq.
(Claim by Plaintiffs and the Class against Defendant Envoy)

104.  Plaintiffs repeat and reallege all paragraphs in this Complaint as if fully set forth herein.

105.  California Business and Professions Code section 17200 *et seq.* prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  Plaintiffs allege that Envoy has engaged in unfair business practices in California by the above-described violations, including failure to pay meal-period or rest break premium wages to Plaintiffs and Class Members, failure to pay overtime wages to Plaintiffs and Class Members, automatically deducting thirty minutes from the earned wages of its employees and failing to keep track of the actual time spent on meal breaks, failure to maintain accurate payroll records, failure to provide proper sick leave in violation of section 233 and 234 of the Labor Code, failure to provide adequate paystubs to Plaintiffs and Class Members in violation of Labor Code section 226(a), as well as by the above-described unlawful deductions from their paychecks under section 221 of the Labor Code. Defendant also failed to properly pay Plaintiffs and Class Members overtime and minimum wages.

106.  In addition, on occasion, Plaintiffs and Class Members were not paid the reporting time wages owing on account of violation of Wage Order 9, Paragraph 5.  For example, on September 26, 2014, Plaintiff Schroeder worked for 2.5 hours, but was not paid for the four hours of wages to which she was entitled, as her then regular shift was at least eight hours per day.

107.  Envoy's actions entitle Plaintiffs to seek the remedies available pursuant to section 17200 *et seq.*  Plaintiffs seek full restitution of said amounts from Envoy, as necessary and according to proof, to restore any and all amounts—including interest—withheld, acquired, or converted by Envoy by means of the unfair practices complained of herein.  Plaintiffs, on behalf of themselves, as well as on behalf of the general public, further seek attorney's fees and costs pursuant to sections 218.5 of the Labor Code and 1021.5 of the California Code of Civil Procedure.  In addition, Plaintiffs seek the appointment of a receiver as necessary.

### TENTH CAUSE OF ACTION
Failure to Provide Employment Records Upon Request
California Labor Code §226(a)
(Claim by Plaintiffs individually against Defendant Envoy)

108.  Plaintiffs repeat and reallege all paragraphs in this Complaint as if fully set forth herein.

109.  Pursuant to Labor Code section 226(b), an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

110.  Plaintiffs requested that Defendant Envoy permit inspection or copying of their respective employment records pursuant to Labor Code Section 226(b). Defendant has failed to provide Plaintiffs with an opportunity to inspect or copy their respective employment records within 21 days of their requests. See Cal. Lab. Code § 226(c). On September 3, 2015, Plaintiff Schroeder sent a 226 request to Envoy and to Envoy's Registered Agent for Service of Process requesting copies of her employment records. On August 30, 2015, Plaintiff Guerra sent a 226 request to Envoy and to Envoy's Registered Agent for Service of Process requesting copies of his employment records. As of the date of filing of this Complaint, Defendant Envoy has failed to fully respond properly to Plaintiffs' requests.

111.  Pursuant to Labor Code Section 226(f) and (6), Plaintiffs are entitled, and

hereby seek, to recover from Envoy a seven-hundred-fifty dollar ($750) penalty, civil penalties, reasonable attorneys' fees, and the costs of bringing this claim for relief.

## ELEVENTH CAUSE OF ACTION
Failure to Provide Employment Records Upon Request
California Labor Code § 1198.5
(Claim by Plaintiffs individually and against Defendant Envoy)

112.  Plaintiffs repeat and reallege all paragraphs in this Complaint as if fully set forth herein.

113.  Pursuant to Labor Code section 1198.5, an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

114.  Plaintiffs requested that Defendant Envoy permit inspection or copying of their respective employment records pursuant to Labor Code Section 1198.5. Defendant has failed to provide Plaintiffs with an opportunity to inspect or copy their respective employment records within 30 days of their requests. See Cal. Lab. Code § 1198.5. On September 3, 2015 Plaintiff Schroeder sent an 1198.5 request to Envoy and to Envoy's Registered Agent for Service of Process requesting copies of her employment records. On August 30, 2015 Plaintiff Guerra sent an 1198.5 request to Envoy and to Envoy's Registered Agent for Service of Process requesting copies of his employment records. As of the date of filing of this Complaint, Defendant Envoy has failed to properly respond to Plaintiffs' requests.

115.  Pursuant to Labor Code Section 1198.5(k), Plaintiffs are entitled, and hereby seek to recover from Defendant a seven-hundred-fifty dollar ($750) penalty, civil penalties, reasonable attorneys' fees, and the costs of bringing this claim for relief.

## TWELTH CAUSE OF ACTION
Failure to Provide Proper A Proper Sick Leave Policy, California Labor Code
§ 233, 234.
(Claim by Plaintiffs and the Class and against Defendant Envoy)

116.  Plaintiffs repeat and reallege all paragraphs in this Complaint as if fully set

forth herein.

117.  At all times relevant to this Complaint, Labor Code §§ 233, 234 were in full force and effect and binding on Defendant. Section 234 prohibits Defendant Envoy from having an "absence control policy that counts sick leave taken pursuant to Section 233 as an absence that may lead to or result in discipline, discharge, demotion, or suspension is a per se violation of Section 233. An employee working under this policy is entitled to appropriate legal and equitable relief pursuant to Section 233." Cal. Labor Code § 234.

118.  Notwithstanding the requirements of Labor Code §§ 233 and 234, Defendant had a policy that disciplines Plaintiffs and Class Members for availing themselves of sick leave, counseling its employees to have a perfect attendance record.

119.  Plaintiffs are informed and believe, and thereon allege that the sick leave policy of Defendant Envoy is unlawful under of Labor Code §§ 233 and 234. Plaintiffs and the Class are therefore entitled to the recovery of "reinstatement and actual damages or one day's pay, whichever is greater, and to appropriate equitable relief," Cal. Lab. Code § 233, as well as an award of reasonable attorneys' fees.

## THIRTEENTH CAUSE OF ACTION
(Continuing Wages, Cal. Lab. Code § 203)
(On behalf of Plaintiff Guerra and the Class against Defendant Envoy)

120.  Plaintiff Guerra repeats, re-alleges and incorporates the paragraphs herein as if fully set forth once again.

121.  At all times herein relevant, Labor Code sections 201 and 202 provided that employees must receive wages earned and unpaid promptly upon termination or resignation. Labor Code section 201.3 provides that a "temporary services employer" must pay wages in accordance with sections 201 and 202 of the Labor Code, and is liable for penalties in accordance with section 203 of the Labor Code.

122.  Because Defendant has willfully failed to pay wages earned and unpaid promptly upon termination or resignation, Envoy is liable to Guerra and the subclass of former employees for continuing wages under Labor Code section 203 for the period of

1  time from the three years prior to the filing of the Complaint to date.

2      123.  Plaintiff Guerra and the Class also request relief as described below.

3  ## FOURTEENTH CAUSE OF ACTION

4  Civil Penalties Pursuant to California Labor Code § 2698 et seq.

5  (Claim by Plaintiff Schroeder and the Aggrieved Employees and against Defendant Envoy)

6      124.  Plaintiff Schroeder repeats and re-alleges the paragraphs hereof as if fully set

7  forth once again.

8      125.  Plaintiff Schroeder is an "aggrieved employee" under PAGA, as she was

9  employed by Defendant during the applicable statutory period and suffered one or more of

10  the Labor Code Violations set forth herein. Accordingly, she seeks to recover on behalf of

11  herself, the LWDA and all other current and former Aggrieved Employees of Defendant,

12  the civil penalties for which provision is made by PAGA, as well as reasonable attorney's

13  fees and costs. Plaintiff Schroeder brings this claim on behalf of herself for all time

14  periods permitted by law and for the State of California Labor & Workforce Development

15  Agency, intending to benefit the Aggrieved Employees from the period of one year prior

16  to the filing of the initial Complaint, to date.

17      126.  Pursuant to section 2699.3(a)(1) of the Labor Code, by certified mail posted

18  on May 25, 2016, Plaintiff Schroeder gave written notice to the California Labor and

19  Workforce Development Agency ("LWDA") of the specific provisions of the Labor Code

20  alleged to have been violated by Defendant, including the theories set forth in this

21  Complaint. Also on that day, Plaintiff Schroeder gave written notice by certified mail to

22  Defendant of the specific provisions of the Labor Code alleged to have been violated by

23  Defendant.

24      127.  More than thirty-three days have passed from the date of Plaintiff's May 25,

25  2016 notice to the LWDA and Plaintiff Schroeder has not been notified by the LWDA

26  that it intends to investigate Plaintiff Schroeder's allegations.  Therefore, Plaintiff

27  Schroeder, pursuant to section 2699.3(a)(2)(A), "may commence a civil action pursuant

28

to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A).

128.  Plaintiff Schroeder seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in <u>Arias v. Superior Court</u>, 46 Cal.4th 969 (2009). Therefore, class certification of the PAGA claims is not required.

129.  Plaintiff Schroeder seeks civil penalties pursuant to PAGA for violations of the following Labor Code provisions:

a.  failure to provide meal and rest period premium wages in violation of Labor Code §§ 204, 210, 226.7, 512, 558 and/or Wage Order 9;

b.  failure to timely pay wages, including wages owing on account of underpayment of reporting time pay as well as accrued and unpaid overtime in violation of Labor Code § 204;

c.  failure to provide itemized wage statements to Aggrieved Employees in violation of Labor Code §§ 226(a) and 226.3;

d.  failure to provide documentation showing accrued sick days in violation of Labor Code §§ 246, 248.5;

e.  failure to reimburse for uniform-maintenance expenses in violation of Labor Code § 2802;

f.  failure to comply with Labor Code §§ 221, 224, 225.5, improperly deducting alleged overpayments from Plaintiffs and Aggrieved Employees;

g.  failure to keep required payroll records in violation of Wage Order No. 9 and Labor Code §§ 1174 and/or 1174.5;

h.  failure to pay minimum wages and overtime wages to Aggrieved Employees in violation of Wage Order No. 9 and/or Labor Code  §§ 510, 558, 1194, 1197 and 1198, and/or the Living Wage Ordinance;

i.  failure to provide proper seating to employees in violation of Wage Order 9 and/or Labor Code 1198;

j.   failure to promptly provide data to employees who have requested same in accord with the provisions of sections 1198.5 and/or 226(b) of the Labor Code;

k.   Failure to provide a proper sick pay policy in violation of sections 233 and/or 234 of the California Labor Code.

130.   With respect to violations of Labor Code §§ 510, Labor Code § 558 imposes a civil penalty in addition to any other penalty provided by law of fifty dollars ($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages, and one hundred dollars ($100) for subsequent violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Moreover, Plaintiff Schroeder seeks civil penalties in the amount of unpaid wages owed to Aggrieved Employees pursuant to Labor Code § 558(a)(3).

131.   With respect to violations of Labor Code § 226(a), section 2699(f) of the Labor Code provides for a default civil penalty when one is not otherwise provided.

132.   With respect to violations of Labor Code § 246(h), Labor Code § 248.5 imposes a civil penalty in addition to any other penalty provided by law of fifty dollars ($50) per aggrieved employee for the first violation, not to exceed ($4,000) per aggrieved employee for all violations of Labor Code § 246 and section 2699(f) of the Labor Code provides for a default civil penalty when one is not otherwise provided.

133.   With respect to violations of Labor Code § 221, Labor Code § 225.5 imposes a civil penalty in addition to any other penalty provided by law.

134.   With respect to violations of Labor Code § 1174, Labor Code § 1174.5 imposes a civil penalty of $500.

135.   Labor Code § 2699 *et seq.* imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for initial violations, and two hundred dollars ($200) per pay period, per aggrieved employee for subsequent violations for all

Labor Code provisions for which a civil penalty is not specifically provided, including the applicable Wage Order 9 and Labor Code §§ 201, 202, 204, 221, 226(a), 510, 1174, 1182.12, 1194, 1197. 1198.

136.   Plaintiff Schroeder contends that sections 201, 201.3, 202, 210, 221, 225.5, 226, 226.3, 226.7, 233, 234, 246, 248.5, 405, 510, 512, 558, 1194, 1198, 2802, 2810.3, 2810.5, 2699 and 2699.3 of the Labor Code enable Plaintiff Schroeder to recover civil penalties, as well as attorney's fees and costs, from Envoy through a civil action on behalf of herself and the Aggrieved Employees.

## FIFTEENTH CAUSE OF ACTION
(Failure to Pay Overtime and/or Minimum Wage Compensation,
Fair Labor Standards Act
(On behalf of Plaintiffs and Collective Action Members Against Defendant)

137.   Plaintiffs repeat and reallege all paragraphs in this Complaint as if fully set forth herein.

138.   Again, at all times herein relevant, the FLSA provided:

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a).

139.   Defendant has intentionally and improperly failed to pay Plaintiffs and Collective Action Members minimum wage and/or overtime compensation to which they are entitled.

140.   During their employment with Defendant, Plaintiffs and Collective Action Members were not paid for all of their time worked, for example when Defendant automatically deducted thirty minutes for faux meal breaks and by not providing

overtime wages for all hours worked in excess of forty per week.

141.  Accordingly, Plaintiffs, individually, and on behalf of all others similarly situated, request payment of minimum wages and/or overtime compensation according to proof, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b). Attached hereto as **Exhibit 6** are Plaintiffs' FLSA Consent Forms.

## SIXTEENTH CAUSE OF ACTION
(Retaliation in Violation of Public Policy)
(On behalf of Plaintiff Schroeder individually Against Defendant)

142.  Plaintiffs repeat and reallege all paragraphs in this Complaint as if fully set forth herein.

143.  Plaintiff Schroeder is currently employed by Defendant Envoy as an Airport Agent at LAX.

144.  Under California law, there is a fundamental and well-established public policy against retaliation for opposing unlawful activities, including, but not limited to, complaining about and filing complaints with governmental agencies for labor violations.  This fundamental public policy is embodied in the California Constitution and California statutory law, including, but not limited to, California Labor Code sections 98.6 and 1102.5.  Adverse employment actions taken by an employer in response to such activity are contrary to such public policy and are thus actionable under the common law of California.   At all times herein mentioned, California Government Code section 12940 was also in full force and effect and was binding on Envoy.  The statute requires Defendant to refrain from retaliating against any employee for engaging in protected activities.

145.  Statutory and common law prohibit Defendant from retaliating against Plaintiff Schroeder for engaging in protected activities, such as her support of pro-union activities, her notification to the California Labor & Workforce Development Agency ("LWDA") of Defendant's labor code violations, her request to review her records under sections 226 and 1198.5 of the California Labor Code and Schroeder's pursuit of a

lawsuit based on Defendant's unlawful employment practices.  Defendant is aware that Plaintiff has engaged in these protected activities.  Since Schroeder has engaged in these protected activities she has become the target of increased scrutiny and unfounded disciplinary action by supervisors.  Indeed, shortly after Schroeder filed this lawsuit against Defendant, she was targeted by supervisors for baseless disciplinary actions, including a two-year long probation, during which she is ineligible for promotion or the routine pay raises that she would have otherwise been entitled.  Defendant's retaliatory conduct constitute a materially adverse employment action and Schroeder's protected activities were motivating factors for Defendant's retaliatory conduct.

146.  Defendant's adverse employment actions against Schroeder violate the fundamental public policies embodies in California Labor Code sections 98.6, 1102.5 and California Government Code section 12940.

147.  As a proximate result of Defendant's wrongful conduct, Schroeder has suffered and continues to suffer, loss of substantial job benefits and earnings in an amount to be determined according to proof at the time of trial.

148.  As a further proximate result of Defendant's wrongful conduct, Schroeder has suffered, and continues to suffer, humiliation, embarrassment, emotional distress, mental anguish, loss of job benefits and earnings, all in an amount to be determined according to proof at the time of trial.

149.  In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of the rights of Schroeder, and Schroeder is therefore entitled to punitive damages against Defendant in an amount according to proof at trial.

### *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1.      That the Court certify both the Class and Collective Actions described in this Complaint.

2.      With respect to the first cause of action, that the Court enter judgment in favor of Plaintiffs and Class Members for wages, meal-period and rest-period premium

damages, interest thereon, and reasonable attorney's fees and costs, all according to proof, against all Defendant Envoy, as well as appropriate injunctive relief.

3.     With respect to the second cause of action, that the Court enter judgment in favor of Plaintiffs and Class Members for damages, penalties, reasonable attorney's fees, and costs of suit, all according to proof, against Defendant Envoy, as well as injunctive relief.

4.     With respect to the third cause of action that the Court enter judgment in favor of Plaintiffs for damages, penalties, reasonable attorney's fees, and costs of suit, all according to proof, against Defendant Envoy, as well as injunctive relief.

5.     With respect to the fourth cause of action, that the Court enter judgment in favor of Plaintiffs and Class Members for uniform-reimbursement expenses, interest thereon, and reasonable attorney's fees and costs, all according to proof, against Defendant Envoy, as well as injunctive relief.

6.     With respect to the fifth cause of action, that the Court enter judgment in favor of Plaintiffs and Class Members for all improper deductions, civil penalties, reasonable attorney's fees, and costs of suit, all according to proof, against Defendant Envoy, as well as injunctive relief.

7.     That, with respect to the sixth cause of action for violation of California Labor Code section 1174 and IWC Wage Order No. 9 by willfully failing to keep required payroll records showing the actual hours and/or the begin and end times worked, including meal periods, each day by Plaintiffs and Class Members, Plaintiffs and Class Members be awarded judgment, damages, interest, and costs, according to proof, as well as injunctive relief.

8.     With respect to the seventh cause of action, that this Court enter judgment in favor of Plaintiffs and Class Members for payment of their unpaid minimum wage and overtime compensation, interest thereon, reasonable attorney's fees, and costs of suit, all according to proof, in accordance with sections 1194 and 1194.2 of the Labor Code, against Defendant Envoy.

9.      With respect to the eighth cause of action, that the Court enter judgment in favor of Plaintiffs and LAX Subclass Members for the issuance of damages, attorney's fees and costs, all according to proof, against Defendant Envoy.

10.     With respect to the ninth cause of action, that it be adjudged that Envoy's violations of the provisions of Exhibit 3, the Fair Labor Standards Act and the California Labor Code as well as Wage Order 9 constitute violations of section 17200 *et seq.* of the California Business and Professions Code.  Accordingly, Plaintiffs request that the Court order Defendant to pay restitution to them and Class Members in the form of the compensation retained by Envoy.  Finally, Plaintiffs request that the Court award Plaintiffs their reasonable attorney's fees and costs incurred in the prosecution of the ninth cause of action, against Defendant Envoy.

11.     With respect to the tenth cause of action, that the Court enter judgment in favor of Plaintiffs individually and that Plaintiffs be each awarded the statutory penalty provided by Labor Code section 226(b) in the amount of $750, and for reasonable attorneys' fees and costs of suit pursuant to Labor Code section 226(f) and (g), against Defendant Envoy.

12.     With respect to the eleventh cause of action, that the Court enter judgment in favor of Plaintiffs individually and that each Plaintiff be awarded the statutory penalty provided by Labor Code section 1198.5(k) in the amount of $750, and for reasonable attorneys' fees and costs of suit pursuant to Labor Code section 1198.5(l), against Defendant Envoy.

13.     With respect to the twelfth cause of action, that the Court award Plaintiffs and Class Members recovery of "reinstatement and actual damages or one day's pay, whichever is greater, and to appropriate equitable relief," Cal. Lab. Code § 233, and attorneys' fees.

14.     That, with respect to the thirteenth cause of action, Plaintiff Guerra and subclass Members be awarded thirty days continuing wages pursuant to California Labor Code section 203.

15. With respect to the fourteenth cause of action, that the Court award the LWDA and aggrieved employees civil penalties, attorney's fees, and costs of suit, all according to proof, pursuant to section 2699 of the Labor Code, against Defendant Envoy.

16. That, with respect to the fifteenth cause of action, Plaintiffs and Collective Action Members be awarded their unpaid minimum wage and/or overtime compensation, liquidated damages, and attorneys' fees and costs, according to proof, pursuant to 29 U.S.C. § 216(b), against Defendant Envoy.

17. That, with respect to the sixteenth cause of action, Plaintiff Schroeder be awarded damages, exemplary and punitive damages, attorney's fees and costs, all according to proof, against Defendant Envoy.

18. For such further relief as the Court may order, including injunctive relief, reasonable attorney's fees, costs of suit, and interest pursuant to sections 218.5 and 218.6 of the Labor Code, as well as section 1021.5 of the California Code of Civil Procedure.

DATED: July 18, 2016                    HARRIS & RUBLE
                                        LAW OFFICES OF JOHN P. DORIGAN

                                        _/s/ Alan Harris_____
                                        Alan Harris/ John P. Dorigan
                                        *Attorneys for Plaintiffs*

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury as to all counts.

DATED: July 18, 2016                    HARRIS & RUBLE
                                        LAW OFFICES OF JOHN P. DORIGAN

                                        _/s/ Alan Harris_____
                                        Alan Harris/John P. Dorigan
                                        *Attorneys for Plaintiffs*

1

## **INDEX TO EXHIBITS**

2

**Exhibit 1** are partially redacted copies of certain of Plaintiff Schroeder's wage statements

3

**Exhibit 2** is the DLSE Opinion Letter 2008.11.25 (Nov. 25, 2008).

4

**Exhibit 3** Chapter 1, Division 10, Article 11, § 10.37, Living Wage Ordinance

5

**Exhibit 4** Current and Prior Living Wage Rates for Airport Employees

6

**Exhibit 5** May 25, 2016 Letter to the LWDA and Defendant

7

**Exhibit 6** FLSA Consent Forms

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28