UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 16-04911-MWF-KS**                Date:  **September 27, 2016**
Title:        K. Schroeder -*v*- Envoy Air, Inc., et al.

PRESENT:  HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT
                JUDGE

        Rita Sanchez                                None Present
        Courtroom Deputy                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANTS:

        None Present                               None Present

PROCEEDINGS (IN CHAMBERS):  ORDER GRANTING DEFENDANT'S
                            MOTION TO DISMISS [13]

        Before the Court is Defendant Envoy Air, Inc.'s ("Envoy") Motion to
Dismiss the Second Amended Complaint Pursuant to Rule 12(b)(6) and/or Strike
Allegations Pursuant to Rule 12(f) ("the Motion"), filed on August 8, 2016.
(Docket No. 13).  Plaintiffs K. Schroeder and O. Guerra submitted an Opposition
to the Motion on September 5, 2016, and Envoy's Reply followed on September
12, 2016.  (Docket Nos. 17, 20).  The Court reviewed and considered the papers
submitted on the Motion and held a hearing on **September 26, 2016**.

        The Motion is **GRANTED** *in part* and **DENIED** *in part.*

- The Motion to Dismiss as precluded Claims One Two, Four, Five,
  Six, Seven, Eight, Nine, Thirteen, and Fourteen is **GRANTED** *with
  leave to amend*.  The Motion to Dismiss as precluded Claims Twelve
  and Fifteen is **DENIED**.

- The Motion to Dismiss Claim One for failure to plead sufficient
  factual allegations is **GRANTED** *with leave to amend.*

- The Motion to dismiss Claim Two for failure to state a claim is
  **GRANTED** *in part* and **DENIED** *in part*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 16-04911-MWF-KS**                    Date:  **September 27, 2016**
Title:          K. Schroeder -*v*- Envoy Air, Inc., et al.

- The Motion to dismiss Claims Three and Five for failure to state a
  claim is **GRANTED** *without leave to amend*, inasmuch as they
  assert a private right of action.

- The Motion to dismiss Claim Six for failure to state a claim is
  **GRANTED** *without leave to amend.*

- The Motion to dismiss Claim Seven for failure to state a claim is
  **GRANTED** *with leave to amend* portions of the Claim.

- The Motion to dismiss Claim Fourteen for failure to plead sufficient
  factual allegations is **GRANTED** *with leave to amend.*

- The Motion to dismiss Claim Fifteen for failure to state a claim is
  **GRANTED** *with leave to amend.*

## I.    BACKGROUND

Plaintiffs are employees of Envoy, and both are Airport Agents in
California.  (Second Amended Complaint ("SAC") ¶¶ 9–10 (Docket No. 12)).  In
addition to their individual claims, Plaintiffs represent a class of employees,
defined as "all individuals issued one or more wages statements by [Envoy] in
California, in light of the partial settlement of claims in *Mooney v. American Eagle
Airlines, Inc.*, Los Angeles Superior Court Case no. BC 445997 and/or *Grimm v.
American Eagle Airlines, Inc.*, Central District Court Case No. 11-CV-0406 JAK
(MANx), for such dates as the Court may deem appropriate, beginning no earlier
than four years prior to the filing hereof to the miling of class notice (whether upon
class certification or settlement) . . . ."  (*Id.* ¶ 3).  Plaintiffs dubbed this class the
"Aggrieved Employees."  (*Id.*).  Schroeder also seeks to bring claims on behalf of
the State of California Labor & Workforce Development Agency ("LWDA")
under the Labor Code Private Attorneys General Act of 2004 ("PAGA"),
California Labor Code section 2698 *et seq.*  (*Id.*).

Plaintiffs allege that Envoy failed to pay the Aggrieved Employees wage
premiums for late, interrupted, or missed meal and rest periods; failed to provide
the Aggrieved Employees with valid wage statements; failed to reimburse the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.  **CV 16-04911-MWF-KS**                    Date:  **September 27, 2016**
Title:        K. Schroeder -*v*- Envoy Air, Inc., et al.

Aggrieved Employees adequately for uniform maintenance expenses, including drycleaning, and unlawfully required the Aggrieved Employees to purchase uniforms; collected unlawful deductions from the Aggrieved Employees' paychecks; failed to maintain payroll records properly; failed to pay the correct minimum wage and overtime wages owed; failed to provide the Aggrieved Employees with proper seating; failed to comply with the Living Wage Ordinance; failed to produce Plaintiffs' employment records upon request; and, finally, engaged in unfair, unlawful, fraudulent business practices in violation of California law.  (*Id.* ¶ 4).  Plaintiffs' specific factual allegations will be discussed in more detail as they become pertinent to the legal claims, below.

Complicating matters is the fact that, in March 2015, putative lead Plaintiffs Schroeder and Guerra were part of a settlement between Envoy (formerly American Eagle Airlines, Inc.) and a class of "all current and former employees of [Envoy] employed in the State of California who worked in one or more Covered Positions," including all "Airport Agents," from a period of "September 21, 20016 through September 29, 2014 . . . ."  (Envoy's Request for Judicial Notice ("Def. RJN") (Docket No. 14), Ex. A ¶ 2).  These are the *Mooney* settlement claims to which the SAC refers.  Plaintiffs both allege they are or were Envoy Airport Agents; Schroeder has worked for Envoy since 2007, while Guerra worked for Envoy from 2011 through 2015.  (SAC ¶¶ 9–10).  Both, therefore, were members of the *Mooney* class, and neither opted out of the release of claims included as part of the settlement.  (RJN Ex. B, Declaration of Stacy Roe ("Roe Decl.") ¶ 15).

On July 5, 2016, Plaintiffs initiated this action against Envoy and the currently-unidentified Does.  The SAC states the following sixteen claims for relief:

> 1.    Failure to Provide Rest and Meal Period Premium Wages, in Violation of California Labor Code sections 226.7 and 512;
>
> 2.    Failure to Provide Adequate Pay Stubs, in Violation of California Labor Code section 226(a);
>
> 3.    Failure to Provide Written Notice About Sick Days, in Violation of California Labor Code section 246;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 16-04911-MWF-KS**                Date:  **September 27, 2016**
Title:          K. Schroeder -*v*- Envoy Air, Inc., et al.

4.   Failure to Reimburse for Uniform Maintenance Expenses, in
     Violation of California Labor Code section 2802;

5.   Improper Deductions from Wages, in Violation of California Labor
     Code section 221;

6.   Failure to Maintain Accurate Payroll Records, in Violation of
     California Labor Code section 1174 and Industrial Welfare
     Commission Wage Order 9;

7.   Failure to Pay Overtime Wages, in Violation of California Labor
     Code sections 510 and 1194;

8.   Violation of Los Angeles Administrative Code, Division 10, Chapter
     1, Article 11, Section 10.37 *et seq.*;

9.   Violation of California Business and Professions Code section 17200
     *et seq.*;

10.  Failure to Produce Employment Records upon Request, in Violation
     of California Labor Code section 226(b);

11.  Failure to Produce Employment Records upon Request, in Violation
     of California Labor Code section 1198.5;

12.  Failure to Provide Proper Sick Leave Policy, in Violation of
     California Labor Code sections 233, 234;

13.  Liability for Continuing Wages, under Violation of California Labor
     Code section 203;

14.  Liability for Civil Penalties, Pursuant to California Labor Code
     section 2698 *et seq.*;

15.  Failure to Pay Overtime and/or Minimum Wage Compensation, in
     Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

16.  Retaliation in Violation of Public Policy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 16-04911-MWF-KS**                    Date:  **September 27, 2016**

Title:        K. Schroeder -*v*- Envoy Air, Inc., et al.

(SAC ¶¶ 63–149).  Plaintiffs seek unpaid wages and overtime compensation, rest and meal period premiums, damages, civil and statutory penalties, restitution, interest where appropriate, and reasonable attorney's fees and costs.  (*Id.* at Prayer for Relief, ¶¶ 1–18).  Plaintiffs also seek reinstatement pursuant to the twelfth claim for relief, and injunctive relief as to the first through sixth causes of action. (*Id.* at Prayer for Relief, ¶¶ 1–7, 13).

## II.   REQUEST FOR JUDICIAL NOTICE

### A.   Envoy's Requests for Judicial Notice

Federal Rule of Evidence 201 permits the Court to take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Envoy requests that this Court take judicial notice of the following court documents:

- The final judgment between Plaintiffs and Envoy (formerly American Eagle Airlines, Inc.), as entered in *Mooney v. American Eagle Airlines*, U.S. Dist. Ct. Case No. CV 11-406 JAK (MANx) (C.D. Cal.), Docket No. 132, dated March 23, 2015 (Def. RJN, Ex. A);

- Declaration of Stacy Roe in *Mooney*, filed January 26, 2015, (Def. RJN, Ex. B);

- The First Amended Complaint in *Mooney*, filed October 1, 2014 (Def. RJN, Ex. C);

- The Putative Class Action Stipulation of Settlement in *Mooney*, filed August 19, 2014 (Def. RJN, Ex. D).

These documents are not subject to reasonable dispute because they are court documents that can be verified in the public record.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").  Envoy's request is **GRANTED** as to Exhibits A–D.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 16-04911-MWF-KS**                    Date:  **September 27, 2016**
Title:          K. Schroeder -*v*- Envoy Air, Inc., et al.

Envoy next requests that the Court take judicial notice of the following legislative history:

- Assembly Bill ("A.B.") 1522, California Healthy Workplaces, Healthy Families Act of 2014, as introduced on January 16, 2014 (Def. RJN, Ex. E);

- A.B. 1522, California Healthy Workplaces, Healthy Families Act of 2014, as chaptered on September 10, 2014 (Def. RJN Ex. F);

- A redline of demonstrative changes made to A.B. 1522, comparing the January 16 and September 10 versions of the bill (Def. RJN Ex. G);

- *Employment: Paid Sick Days*, Hearing on A.B. 1522 Before the Senate Judiciary Committee, 2013–2014 Reg. Session (Cal. 2014), dated June 24, 2014 (Def. RJN Ex. H);

- *Employment: Paid Sick Days*, Hearing on A.B. 1522 Before the Senate Committee on Labor and Industrial Relations, 2013–2014 Reg. Session (Cal. 2014), dated June 11, 2014 (Def. RJN Ex. I).

These documents are not subject to reasonable dispute because as legislative history they are matters of public record.  *See Anderson v. Holder*, 673 F.3d 1089, 1103 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice."). Envoy's request is **GRANTED** as to Exhibits E–I.

Finally, Envoy requests that the Court take judicial notice of a Wage Order, promulgated by the California Industrial Welfare Commission (Def. RJN Ex. J). "Industrial Wage Orders of the California IWC can be judicially noticed." *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 943 (C.D. Cal. 2014).  Envoy's request is **GRANTED** as to Exhibit J.

### B.   <u>Plaintiffs' Requests for Judicial Notice</u>

Plaintiffs request that the Court take judicial notice of court documents, including the expert report of Carolina Rose, submitted in the case of *Tiffany*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 16-04911-MWF-KS**          Date:  **September 27, 2016**
Title:          K. Schroeder -*v*- Envoy Air, Inc., et al.

*Blackwell v. Skywest Airlines, Inc.*, S.D. Cal. Case No. 06-CV-0307 DMS (AJB) (Pl. RJN Ex. 3); and the July 22, 2014 Order on Plaintiff's Motion for Preliminary Approval of Class Action Settlement, Approval of Class Notice, and Class Certification in *Bell v. Delta Air Lines, Inc.*, N.D. Cal. Case No. 13-CV-01199-YGR (Pl. RJN Ex. 5).  Plaintiffs' request is **GRANTED** for the same reasons explained above.  *See Reyn's Pasta Bella, LLC*, 442 F.3d at 746 n.6.

Plaintiffs also request the Court to take judicial notice of legislative history, including legislative history pertaining to A.B. 621, 1010, and A.B. 1064; the enrolled bill report of A.B. 1064; a July 27, 1971 letter from Teamster Local 2707 to Governor Ronald Reagan (Plaintiff's Request for Judicial Notice ("Pl. RJN") (Docket No. 19) Ex. 1); and a Statement as to the Basis Upon Which Industrial Welfare Commission Order No. 980 Regulating Wages, Hours and Working Conditions in the Transportation Industry is Predicted (Pl. RJN Ex. 2).  Plaintiffs' request is **GRANTED** for the same reasons explained above.  *See Anderson*, 673 F.3d at 1103.

Finally, Plaintiffs request that the Court take judicial notice of Envoy's website, last accessed by Plaintiffs on September 5, 2015 (Pl. RJN Ex. 4).  Because Envoy does not object to this request or dispute the accuracy of the information contained on the website, Plaintiffs' request is **GRANTED.**  *See Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 n.5 (9th Cir. 2012) (granting request to take judicial notice of opposing party's website where opposing party did not object to the request or question the accuracy of the information contained therein).

## III.   <u>MOTION TO STRIKE</u>

Envoy requests that the Court strike various allegations in the Plaintiffs' complaint under Federal Rule of Civil Procedure 12(f), including Plaintiffs' allegations that conflict with the release in *Mooney*, and Plaintiffs' putative class definition of Aggrieved Employee.  (*See* Mot. 4–8).  Rule 12(f) permits the Court to strike from a pleading any matter that is "redundant, immaterial, impertinent, or scandalous." Although whether to grant a motion to strike is within the discretion of the trial court, "motions to strike are generally disfavored."  *Nguyen v. CTS Elecs. Mfg. Sols. Inc.*, 301 F.R.D. 337, 340 (N.D. Cal. 2014).  "The function of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 16-04911-MWF-KS**              Date:  **September 27, 2016**
Title:        K. Schroeder -*v*- Envoy Air, Inc., et al.

12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Id.* (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

Envoy does not challenge Plaintiffs' pleadings as "redundant, immaterial, impertinent, or scandalous"; rather, Envoy contends that Plaintiffs' claims are barred by principles of claim preclusion, or are otherwise insufficient. "The proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6)not Rule 12(f)." *Consumer Sols. REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009). "However, where a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion." *Id.* The Court does so here.

## IV. **CLAIM PRECLUSION AND THE *MOONEY* SETTLEMENT**

Envoy first contends that, to the extent that Schroeder and Guerra were members of the *Mooney* settlement, any claims they plead that are covered by the *Mooney* release should be barred by res judicata — or claim preclusion, as the Supreme Court prefers. *See Taylor v. Sturgell*, 553 U.S. 880, 892 n.5 (2008). "Claim preclusion in federal court can be based on a . . . settlement." *Howard v. Am. Online Inc.*, 208 F.3d 741, 748 (9th Cir. 2000); *see also Hesse v. Sprint Corp.*, 598 F.3d 581, 587 (9th Cir. 2010) (applying claim preclusion principles to a class action settlement).

Both Schroeder and Guerra worked for Envoy as Airport Agents in California, starting in 2007 and 2011, respectively. (SAC ¶¶ 9–10). The *Mooney* settlement defined the class to include "all current and former employees of [Envoy] employed in the State of California," including "Airport Agents" who were employed by Envoy from September 21, 2006 through September 29, 2014. (Def. RJN Ex. A ¶ 2). Under the plain language of the *Mooney* settlement, Plaintiffs were class members. Plaintiffs did not opt out of the settlement or its release of claims, nor did they object to or seek to intervene in the suit. (*See* Roe Decl. ¶ 15; Def. RJN, Ex. A ¶ 6). To the extent that Plaintiffs allege claims included in the *Mooney* settlement release, those claims are precluded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.  **CV 16-04911-MWF-KS**                    Date:  **September 27, 2016**
Title:       K. Schroeder -*v*- Envoy Air, Inc., et al.

Plaintiffs respond that the class pled in this action "is much larger and carefully defined than in *Mooney*[,]" and thus, discovery is required to determine which class members will be barred by the *Mooney* release.  (Opp at 2–3).  It is not the claims of the class as a whole that the Court finds precluded in part by *Mooney*, however; rather, it is the claims of Schroeder and Guerra, who according to the SAC are *Mooney* class members.  Plaintiffs allege the necessary facts to come to this conclusion in the SAC itself, and thus no discovery is necessary.

"A court-approved settlement in a prior suit precludes subsequent litigation on the same claim for relief."  *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 569, 117 Cal. Rptr. 3d 398 (2010).  "Res judicata bars not only issues that were raised in the prior suit but related issues that could have been raised."  *Id.*  Relitigation of issues will be precluded where:

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

*Reyn's Pasta Bella, LLC*, 442 F.3d at 746.  The second and third requirements for claim preclusion to apply are clearly met in this case.  The *Mooney* settlement was a final judgment on the merits (*see* Def. RJN, Ex. A) and, as discussed above, Schroeder and Guerra were members of the *Mooney* class.  The dispute centers on whether (and which) claims raised in the SAC were identical to the claims released in *Mooney*.

The *Mooney* settlement expressly released the following claims:

> any and all claims or causes of action that are pled in or reasonably related to claims pled in the Complaint or the First Amended Complaint by members of the Settlement Class while employed in a Covered Position during the Class Period by Defendant, including, but not limited to, (a) all claims of any kind related to alleged ***unpaid compensation***, including, without limitation all claims for ***wages, overtime, meal and rest period premiums, damages, unpaid costs,***

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 16-04911-MWF-KS**                Date:  **September 27, 2016**
Title:        K. Schroeder -*v*- Envoy Air, Inc., et al.

*penalties* (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation expenses, restitution, or equitable relief, whether known or unknown; (b) *overtime under California Labor Code sections 510, 515, 1194* and any other applicable sections, as well as under *Industrial Welfare Commission Wage Order 9-2001*; (c) all claims for inaccurate or deficient *wage statements under Labor Code section 226* and any other applicable sections; (d) "waiting time" penalties for late paid or unpaid wages under *California Labor Code section 203* and any other applicable sections; (e) claims based on (a) through (d) above, as a predicate for alleged violations of the *California Unfair Competition Act, and in particular, California Business & Professions Code § 17200 et seq.*; [f] all claims under *PAGA*; and [g] any premiums, penalties, interest, punitive damages, costs, attorneys' fees, injunctive relief, declaratory relief, or accounting based on or related to the alleged claims.  All rights of the Settlement Class Members related to such claims under *California Civil Code Section 1542* are included in the Released Claims.  In addition, Qualified Claimants shall also, by signing the Claim Form, consent to the release of claims that could have been asserted under the FLSA based on the allegations of the Complaint or First Amended Complaint, including claims for wages, penalties, liquidated damages, interest, attorneys' fees, costs and equitable relief.

(Def. RJN, Ex. A ¶ 6) (emphasis added).

Finally, the settlement noted that "[e]xpressly excluded from the Released Claims are all claims unrelated to the above claims, including, but not limited to, claims for retaliation, discrimination, unemployment insurance, disability, workers' compensation, and claims outside the Class Period . . . ." (*Id.*).

        //

        //

CIVIL MINUTES—GENERAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 16-04911-MWF-KS**               Date:  **September 27, 2016**
Title:          K. Schroeder -*v*- Envoy Air, Inc., et al.

A.      **Expressly Precluded Claims**

Envoy contends that five of the SAC's claims were also pleaded in *Mooney*, and therefore barred by claim preclusion principles as well as the language of the release (Mot. at 7):

- **Claim Two** of the SAC, Failure to Provide Adequate Pay Stubs in Violation of California Labor Code section 226(a), is the same as claim two of the *Mooney* First Amended Complaint ("FAC"), Failure to Provide Accurate Itemized Wage Statements in Violation of California Labor Code section 226 and Industrial Welfare Commission Order 9.  (Def. RJN, Ex. A).  This claim is also expressly precluded by section (c) of the *Mooney* release, as quoted above.

- **Claim Seven** of the SAC, Failure to Pay Overtime Wages in Violation of California Labor Code sections 510 and 1194, is the same as claim one of the *Mooney* FAC, Failure to Pay Overtime Wages in Violation of California Labor Code sections 510 and 1194.  (Def. RJN, Ex. A).  This claim is also expressly precluded by section (b) of the *Mooney* release.

- **Claim Nine** of the SAC, Violation of California Business and Professions Code section 17200 *et seq.*, is the same as claim four of the *Mooney* FAC, Violations of California Business and Professions Code section 17200 *et seq.*  (Def. RJN, Ex. A).  This claim is also expressly precluded by section (e) of the *Mooney* release.

- **Claim Thirteen** of the SAC, for Continuing Wages under  California Labor Code section 203, is the same as claim three of the *Mooney* FAC, Failure to Timely Pay All Wages in Violation of California Labor Code section 203.  (Def. RJN, Ex. A).  This claim is also expressly precluded by section (d) of the *Mooney* release.

- **Claim Fourteen** of the SAC, for Civil Penalties Pursuant to California Labor Code section 2698 *et seq.*, is the same as claim five

_____

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 16-04911-MWF-KS**                    Date:  **September 27, 2016**

Title:          K. Schroeder -*v*- Envoy Air, Inc., et al.

of the *Mooney* FAC, Civil Penalties Pursuant to section 2698 *et seq.* of the California Labor Code.  (Def. RJN, Ex. A).  This claim is also expressly precluded by section [f] of the *Mooney* release (as numbered above), which releases all claims under PAGA.

Envoy also contends that the following claims, although not expressly alleged in *Mooney*, were included in the *Mooney* release (Mot. at 7):

- **Claim One** of the SAC alleges Failure to Provide Rest and Meal Period Premium Wages in Violation of California Labor Code sections 226.7 and 512.  This claim is precluded by section (a) of the *Mooney* release, which bars "all claims of any kind related to alleged unpaid compensation, including, without limitation all claims for . . . meal and rest period premiums . . . ."  (Def. RJN, Ex. A).

- **Claim Eight** of the SAC alleges Violation of Los Angeles Administrative Code, Division 10, Chapter 1, Article 11, Section 10.37, *et seq.* (otherwise known as the Living Wage Ordinance ("LWO")).  Claim Eight alleges that Envoy failed to compensate Plaintiffs and the putative class in accordance with the LWO's requirements, and requests back wages and treble damages in compensation. This claim appears to be precluded by section (a) of the *Mooney* release, which bars "all claims of any kind related to alleged unpaid compensation, including, without limitation all claims for wages . . . ."  (Def. RJN, Ex. A).  Although this language is broad, in California "[t]he release of 'all claims and causes of action' must be given a comprehensive scope" in order to allow for the creation of "a general release that actually achieve[s] its literal purpose . . . ." *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 589, 117 Cal. Rptr. 3d 398 (2010).  Claim Eight is precluded by the *Mooney* settlement.

- **Claim Fifteen** of the SAC alleges Failure to Pay Overtime and/or Minimum Wage Compensation, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  This claim is not expressly

_____

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 16-04911-MWF-KS**                    Date:  **September 27, 2016**
Title:        K. Schroeder -*v*- Envoy Air, Inc., et al.

precluded by the *Mooney* settlement, which states that FLSA claims
are only precluded upon a Qualified Claimant "signing the Claim
Form" to indicate "consent to the release of claims that could have
been asserted under FLSA based on the allegations of the Complaint .
. . including claims for wages . . . ." (Def. RJN, Ex. A). Although the
broad language of section (a) of the release would appear to
encompass a claim for failure to pay the minimum wage, the express
mention of FLSA later in the settlement indicates that FLSA claims
were intended to be treated differently from wage claims more
generally. Without judicially noticeable evidence or an allegation in
the pleadings that Plaintiffs signed the Claim Form, the Court cannot
consider this claim precluded at the motion to dismiss stage.

Except for Claim Fifteen, all of the above claims appear to be identical to the
issues litigated in, and released by, *Mooney*. Accordingly, Plaintiffs Schroeder and
Guerra are precluded from litigating those claims, to the extent that the factual
predicate for the claims arose prior to September 29, 2014.

### B.   <u>Claims Arising out of the Same Factual Predicate</u>

Envoy contends that several of the remaining claims — Claims Four, Five,
Six, and Twelve — are also precluded because they were reasonably related to
claims pled in *Mooney* or could have been asserted in that case. (Mot. at 8). "[A]
federal court may release not only those claims alleged in the complaint, but also a
claim 'based on the identical factual predicate as that underlying the claims in the
settled class action even though the claim was not presented and might not have
been presentable in the class action.'" *Class Plaintiffs v. City of Seattle*, 955 F.2d
1268, 1287 (9th Cir. 1992) (emphasis omitted) (quoting *TBK Partners, Ltd. v.
Western Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982)). Envoy states that all of
these claims are based on the same factual predicate as the claims released in
*Mooney* — that is, "Envoy's alleged failure to properly comply with California
wage and hour laws for California Airport Agents." (Mot. at 8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 16-04911-MWF-KS**                    Date:  **September 27, 2016**
Title:         K. Schroeder -*v*- Envoy Air, Inc., et al.

Applying California's requirement that the release of "all claims and causes of action" be given a comprehensive scope, *Villacres*, 189 Cal. App. 4th at 589, the Court finds that Claims Four, Five, and Six are precluded by the *Mooney* release.

**Claim Four**, alleging a Failure to Reimburse for Uniform Maintenance Expenses in Violation of California Labor Code section 246, is precluded by section (a) of the *Mooney* release, which releases "all claims of any kind related to alleged unpaid compensation, including, without limitation all claims for . . . unpaid costs . . . ." (Def. RJN, Ex. A ¶ 6).

Similarly, **Claim Five**, alleging Improper Deductions from Wages under California Labor Code section 221, is also precluded by section (a), which releases "all claims of any kind related to alleged unpaid compensation, including, without limitation all claims for wages . . . ." (Def. RJN, Ex. A ¶ 6).  In their Opposition, Plaintiffs argue that "a violation of [section] 221, by definition, involves wrongful conduct that deprives an employee of wages to which he or she is entitled."  (Opp. at 17 (quoting *Villalpando v. Exel Direct Inc.*, No. 12-CV-04137 JCS, 2014 WL 1338297, at *18 (N.D. Cal. Mar. 28, 2014))).  Therefore, under Plaintiffs' formulation of the claim for relief, Claim Five is precluded by the release of claims related to alleged unpaid wages.

Finally, **Claim Six**, alleging Failure to Maintain Accurate Payroll Records under California Labor Code section 1174 and IWC Wage Order 9, is precluded by the *Mooney* settlement.  Claim Six specifically alleges that Envoy failed to keep required payroll records showing the start and end time of employee meal periods.  The *Mooney* settlement released "all claims of any kind related to . . . meal and rest period premiums" and "all claims for inaccurate or deficient wage statements under" the California Labor Code.  The question of whether Envoy was required to record the start and end times of employee meal periods is only relevant to the extent that it affects whether employees can collect meal period premiums and would likely be evidenced by wage statements.  It is thus within the scope of the *Mooney* release.  *See Villacres*, 189 Cal. App. 4th at 583–84 ("[I]f the matter raised in the subsequent suit was within the scope of the prior action, related to the subject matter and relevant to the issues, so that it could have been raised, the

CIVIL MINUTES—GENERAL

14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 16-04911-MWF-KS**                    Date:  **September 27, 2016**
Title:        K. Schroeder -*v*- Envoy Air, Inc., et al.

judgment is conclusive on it despite the fact that it was not in fact expressly
pleaded or otherwise urged.").

Based on the pleadings and judicially noticeable documents, however, the
Court cannot conclude that **Claim Twelve** of the SAC was precluded by the
*Mooney* settlement.  Claim Twelve alleges Envoy's Failure to Provide a Proper
Sick Leave Policy, under California Labor code sections 233 and 234.  The
*Mooney* release does not appear to address Envoy's sick leave policy at all. Thus,
whether these claims are reasonably related to those pled in *Mooney* or could have
been asserted in that case is a question of fact not suitable for a motion to dismiss.

### C.        The *Mooney* Release is Just and Comports with Due Process

Finally, the Court may not enforce the *Mooney* settlement against Plaintiffs
"if injustice would result or if the public interest requires that relitigation not be
foreclosed."  *Villacres*, 189 Cal. App. 4th at 577 (quoting *Dunkin v. Boskey*, 82
Cal. App. 4th 171, 181, 98 Cal. Rptr. 2d 44 (2000)).  As Plaintiffs explain, a
judgment arising from a class action settlement does not comport with due process
unless the interests of the unnamed class members who would be precluded by the
settlement were adequately represented in the prior action.  (Opp. at 5).  Here, the
Court does not find *all* of the members of the proposed class to be precluded by the
*Mooney* settlement.  As discussed above, only Schroeder and Guerra are precluded.
Because both lead Plaintiffs were expressly included by job title in the settlement,
and their injuries as alleged in the SAC appear to be "typical" (indeed, nearly
identical) to the injuries alleged in the *Mooney* FAC, applying claim preclusion in
this instance comports with due process.  *Cf. Hesse v. Sprint Corp.*, 598 F.3d 581
(9th Cir. 2010) (holding that Missouri resident in first action did not adequately
represent subsequent Washington plaintiffs because his injury was not typical of
their injuries).

To summarize, the Court **GRANTS** Envoy's Motion to dismiss as precluded
Claims One, Two, Four, Five, Six, Seven, Eight, Nine, Thirteen, and Fourteen.
The Court **DENIES** Envoy's Motion to dismiss as precluded Claims Twelve and
Fifteen.  The Motion is granted *with leave to amend,* including by adding named
plaintiffs who were not included in the *Mooney* settlement.  Further, the Claims are

---

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 16-04911-MWF-KS**          Date:  **September 27, 2016**
Title:        K. Schroeder -*v*- Envoy Air, Inc., et al.

*not* dismissed to the extent that Plaintiffs Schroeder and Guerra can demonstrate a factual predicate for the pleadings after the end of the *Mooney* class period (*i.e.*, September 29, 2014).

## V.    ASCERTAINABILITY OF THE PROPOSED CLASS

As discussed above, Plaintiffs seek to represent a class of "all individuals issued one or more wages statements by [Envoy] in California, in light of the partial settlement of claims in [*Mooney*] and/or [*Grimm*], for such dates as the Court may deem appropriate, beginning no earlier than four years prior to the filing hereof to the mailing of class notice . . . ."  Envoy contends that Plaintiffs' proposed class definition is vague and unascertainable, and therefore should be dismissed.  (Mot. at 8–10).

"In order for a party to represent a class, the class sought to be represented must be adequately defined and clearly ascertainable . . . .  A vague class definition portends significant manageability problems for the court."  *Kelecseny v. Chevron, U.S.A., Inc.*, 262 F.R.D. 660, 667–68 (S.D. Fla. 2009).  Here, Plaintiffs' reference to *Mooney* and *Grimm* render the class definition ambiguous.  It is unclear whether Plaintiffs seek to represent a class of individuals whose wage statements were issued after or as a result of *Mooney* and *Grimm*, whether Plaintiffs' proposed class includes individuals who opted out or were not covered by *Mooney* and *Grimm*, or something else entirely.  (Plaintiffs appear to agree, at least to some extent, as the Opposition offers to remove the reference to *Mooney* altogether.)  Moreover, it is for Plaintiffs, not the Court, to define the relevant class period.

Accordingly, the Court **GRANTS** the Motion ***with leave to amend*** the proposed class definition.

## VI.    MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Finally, Envoy challenges Claims One, Two, Three, Five, Six, Seven, Fourteen, and Fifteen of the SAC as either implausible or for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 16-04911-MWF-KS**          Date:  **September 27, 2016**
Title:       K. Schroeder -*v*- Envoy Air, Inc., et al.

### A.    Legal Standard

In ruling on a motion to dismiss under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citation omitted).  "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008).  The Court need not accept as true, however, "[t]hreadbare recitals of the elements of a claim for relief, supported by mere conclusory statements . . . ."  *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the . . . court to draw on its judicial experience and common sense.'"  *Ebner v. Fresh, Inc.*, 818 F.3d 799, 803 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

### B.    Claims One and Fourteen Do Not Plead Sufficiently Specific Factual Allegations Under *Twombly* and *Iqbal*

Claim One of the SAC alleges that Plaintiffs were "routinely not paid earned meal period premium wages" and "routinely had thirty minutes deducted from their wages[,]" whether or not they were provided with a full thirty minute meal break, because Envoy failed to keep track of the precise times when meal breaks were provided.  (SAC ¶¶ 63–70).  Envoy contends that this is insufficient to state a claim because Plaintiffs fail to plead any specific instances in which they were not provided with a full thirty minute meal break.  (Mot. at 10).  Envoy cites *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645–46 (9th Cir. 2014), *as amended* (Jan. 26, 2015), *cert. denied*, 135 S. Ct. 1845 (2015), as support.

Federal Rule of Civil Procedure 8(a)(2) requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  *Id.*  In *Landers*, the Ninth Circuit closely examined the application of *Twombly* and *Iqbal* by its sister circuits to the wage and labor context.  Ultimately, the court concluded that it was not enough merely to allege that an employee had worked more than forty hours without being

---

CIVIL MINUTES—GENERAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 16-04911-MWF-KS**                    Date:   **September 27, 2016**
Title:        K. Schroeder -*v*- Envoy Air, Inc., et al.

compensated for the overtime hours. *Landers*, 771 F.3d at 644–45 (9th Cir. 2014). Rather, "to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments [under FLSA] must allege that she worked more than forty hours in a *given* workweek without being compensated for the overtime hours worked during *that* workweek." *Id.* (emphasis added). The Ninth Circuit's reasoning applies in this case as well. Plaintiffs have not indicated any given week in which Envoy deducted 30 minutes from their wages when they had not actually taken a full 30 minute meal break. Claim One therefore fails to plead an entitlement to premium wages with sufficient specificity.

Plaintiffs argue that the *Landers* holding does not apply to Claim One because it is premised on the California Labor Code, rather than FLSA. The Court sees no reason to read the Ninth Circuit's conclusion so narrowly. The reasoning in that case focuses on the application of *Twombly* and *Iqbal* to the wage and hour context generally; no part of the court's reasoning was premised on the language of FLSA specifically. Moreover, Plaintiffs' claims are only weakly supported by — if not outright contradicted by — the wage statements submitted as Exhibit 1 to the SAC. The wage statements show that Schroeder was paid wage premiums on at least 42 occasions, out of the 105 statements included with the SAC. (SAC, Ex. 1). So long as Schroeder can point to *one* wage statement in which she was not paid a wage premium, but was not given a full 30 minute meal break, she will meet the standard set out in *Landers*. Currently, however, the pleadings are insufficient.

Similarly, Claim Fourteen of the SAC alleges, among other things, that Envoy violated section 1198 of the Labor Code and Wage Order 9 by failing to provide proper seating to employees. (SAC ¶ 129(i)). In support of this claim, Plaintiffs plead only that "Envoy failed to provide each of them with adequate seating." (SAC ¶ 24). This is a mere "[t]hreadbare recital[] of the elements of a claim for relief" under the Labor Code, and thus the Court need not accept it as true. *Iqbal*, 556 U.S. at 678.

The Motion to Dismiss Claims One and Fourteen is **GRANTED** *with leave to amend*.

_____

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 16-04911-MWF-KS**                      Date:  **September 27, 2016**
Title:          K. Schroeder -*v*- Envoy Air, Inc., et al.

### C.     Claim Two States a Claim for Failure to Provide Adequate Pay Stubs

Claim Two of the SAC alleges that Envoy failed to show automatic deductions of minutes of paid time for meal periods on employees' itemized wage statements, and failed to show meal period premiums on employees' itemized wage statements, in violation of California Labor Code section 226.  (SAC ¶¶ 72–73).  Claim Two also alleges that Envoy is a temporary services employer, required to show "the rate of pay and the total hours worked for each temporary services assignment" on employee wage statements.  (SAC ¶ 73).  Claim Two alleges that Envoy failed to meet its obligation, in violation of California Labor Code section 226.  (*Id.*).  Finally, Plaintiffs allege that "it is not possible for Plaintiffs and/or Class Members 'from the wages statement alone' to ascertain '(i) [t]he amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement[,]'" in violation of California Labor Code 226(e)(2)(B).  (SAC ¶ 74).

Envoy contends that Claim Two fails to state a claim for four reasons.  First, Envoy contends that section 226 does not require employers to show deductions from **time**, but rather deductions from **wages**, on the itemized wage statement.  (Mot. at 12).  Second, Envoy contends that the wage statements Plaintiffs submitted in support of the SAC contradict their claims, as the wage statements reflect instances when Schroeder missed or took a late meal period and was paid a premium wage.  (*Id.*).  Third, Envoy contends that Schroeder's wage statements do show the rate of pay and hours worked for temporary services assignment.  (*Id.* at 13).  Finally, Envoy contends that the wage statements provided by Plaintiffs otherwise comply with California Labor Code 226(e)(2)(B).

The Court agrees with Envoy's second and fourth points: that the wage statements appear to contradict Plaintiffs' claims.  Because the wage statements contradict the allegations of the SAC, the Court need not and does not accept the allegations as true.  *See Sprint Telephony PCS, L.P. v. Cty. of San Diego*, 311 F. Supp. 2d 898, 903 (S.D. Cal. 2004), *opinion clarified sub nom. Sprint Tel. PCS, L.P. v. Cty. of San Diego*, No. 03-CV-1398-K(LAB), 2004 WL 859333 (S.D. Cal.

---

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 16-04911-MWF-KS**                    Date:  **September 27, 2016**

Title:        K. Schroeder -*v*- Envoy Air, Inc., et al.

Jan. 23, 2004) ("[T]he court does not have to accept as true conclusory allegations . . . that are contradicted by documents referred to in the complaint." (citing *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998))).

The Court is also persuaded that section 226 only requires employers to list deductions from wages on the itemized wage statement.  It is true, as Plaintiffs claim, that section 226(a) requires employers to provide employees with "an accurate itemized statement in writing showing . . . all deductions . . . ."  Cal. Lab. Code § 226(a).  However, later in the same paragraph, the Code refers to "deductions made from payment of wages" while further elaborating on the requirements for itemized wage statements.  *Id.*  This later, more specific use of the term clarifies that the "deductions" referred to earlier in the section are specifically deductions from payment of wages.

However, Plaintiffs have sufficiently pleaded that Envoy is a temporary services employer and that the wage statements do not accurately show the rate of pay and total hours worked for each temporary work assignment.  Although the wage statements list *an* assignment number, the statements only ever list one number per week.  Drawing all inferences in favor of Plaintiffs, the wage statements raise a question as to whether Envoy accurately lists the rate of pay and hours worked for *each* temporary work assignment Plaintiffs take per pay period.

Accordingly, the Motion to Dismiss Claim Two is **GRANTED** *in part* and **DENIED** *in part***.**

### D.      Claims Three and Five Fail to State a Claim Under Section 221 and 246 of the California Labor Code

Envoy contends that Plaintiffs' Claims Three and Five, brought under sections 246 and 221 of the Labor Code respectively, fail to state a claim because neither statute confers a private right of action.  (Mot. at 15).  "[A] private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right . . . ."  *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62–63, 82 Cal. Rptr. 2d 442 (1999).  Courts should assume that if the Legislature intends to create a private right of

___

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 16-04911-MWF-KS**                    Date:  **September 27, 2016**
Title:        K. Schroeder -*v*- Envoy Air, Inc., et al.

action, "it will do so 'directly[,] . . . in clear, understandable, unmistakable terms.'"
*Id.* (quoting *Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal. 3d 287,
294–295, 250 Cal.Rptr. 116 (1988)).

### 1.    Section 246(h)

Section 246(h) states that "An employer shall provide an employee with
written notice that sets forth the amount of paid sick leave available . . . for use on
either the employee's itemized wage statement . . . or in a separate writing
provided on the designated pay date with the employee's payment of wages."
Plaintiffs allege that their wage statements fail to list the amount of sick pay
available, and further allege that Envoy fails to provide this information in a
separate writing.

Section 248.5 provides the enforcement mechanism for section 246(h).  It
states that "[a]n employee or other person may report to the Labor Commissioner a
suspected violation of this article," California Labor Code section 248.5(d), and the
"Labor Commissioner or the Attorney General may bring a civil action in a court
of competent jurisdiction against the employer . . . ." *Id.* 248.5(e).  Section 248.5
does not provide that an individual may bring a claim to enforce section 246(h).
Even taking all of the allegations in the SAC as true, because the legislature did not
clearly and unmistakably create a private right of action to enforce section 246(h),
the Court concludes that there is none available to Plaintiffs.  *See Titus v. McLane
Foodservice, Inc.*, No. 216CV00635KJMEFB, 2016 WL 4797497, at *4 (E.D. Cal.
Sept. 14, 2016) ("[P]laintiff cannot bring an individual claim for the alleged
violation of section 246(h), because there is no private right of action to enforce
that provision.").

### 2.    Section 221

Section 221 states that "[i]t shall be unlawful for any employer to collect
from an employee any part of wages theretofore paid by said employer to said
employee."  Plaintiffs allege that Envoy "systematically makes deductions from
wages to recoup routine loans made to Plaintiffs and Class Members in the
immediately prior paycheck" (SAC ¶ 84), which Plaintiffs assert constitutes an

_____

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 16-04911-MWF-KS**                Date:   **September 27, 2016**
Title:          K. Schroeder -*v*- Envoy Air, Inc., et al.

improper collection of wages previously paid in violation of California Labor Code
section 221.

The remedy for a violation of section 221 is found in section 225, which
states that a civil penalty is available for violation of 221, and that the penalty
"shall be recovered by the Labor Commissioner," not individuals.  Cal. Lab. Code
§ 225.5.  Plaintiffs argue that a claim under section 221 constitutes a claim for
"unpaid wages," enforceable under section 218, which "empower[s] a wage
claimant to sue directly to recover any wages or penalties personally due to the
employee . . . ."  *Dunlap v. Superior Court*, 142 Cal. App. 4th 330, 336, 47 Cal.
Rptr. 3d 614 (2006).  The weight of authority forecloses this theory, however.  *See,*
*e.g.*, *Gunawan v. Howroyd-Wright Employment Agency*, 997 F. Supp. 2d 1058,
1067–68 (C.D. Cal. 2014) (holding section 221 does not create a private right of
action); *Kamath v. Robert Bosch LLC*, No. 2:13-CV-08540-CAS, 2014 WL
2916570, at *5 (C.D. Cal. June 26, 2014) (holding that, "since Section 221 does
not give rise to a private right of action . . . plaintiff's claim under Section 221
should be dismissed without leave to amend").

Accordingly, the Motion to Dismiss Claims Three and Five is **GRANTED**
***without leave to amend***, inasmuch as they allege a private right of action.
Schroeder may, of course, continue to prosecute both claims as PAGA and/or UCL
claims.  *See Mouchati v. Bonnie Plants, Inc.*, No. EDCV 14-00037-VAP, 2014 WL
1661245, at *8 (C. D. Cal. Mar. 6, 2014) (permitting claim that violation of section
221 constitutes an unfair business practice under the UCL to proceed after holding
that there is no private right of action under section 221).

## E.    Claim Six Fails to State a Claim Under California Labor Code Section 1174

Claim Six of the SAC alleges that Envoy failed to keep payroll records
showing the start and end times of meal periods provided to Plaintiffs and putative
class members.  (SAC ¶ 87).  Plaintiffs state that section 1174 of the California
Labor Code and IWC Wage Order 9 require Envoy to keep such records.  (*Id.*).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 16-04911-MWF-KS**                Date:  **September 27, 2016**
Title:        K. Schroeder -*v*- Envoy Air, Inc., et al.

Section 1174 requires employers to keep "payroll records showing the hours worked daily by . . . employees . . . ."  Cal. Lab. Code § 1174(d).  Wage Order 9 requires employers to maintain "[t]ime records showing when the employee begins and ends each work period.  Meal periods, split shift intervals[,] and total daily hours worked shall also be recorded."  8 Cal. Code Regs. § 11090(7)(A)(3).  Plaintiffs contend that this language explicitly requires employers to record the start and end time of rest and meal periods.  That is, Plaintiffs argue that the Wage Order's requirement that employers keep track of when employees begin and end "each work period" translates to a requirement that employers record the times when employees "end" work to begin a meal break, and "begin" work upon finishing a meal break.  (Opp. at 15).  Plaintiffs cite to no caselaw supporting their interpretation, and the Court likewise could find none.

In *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1048–49, 139 Cal. Rptr. 3d 315 (2012), the California Supreme Court rejected a line of reasoning similar to that which Plaintiffs urge here.  In *Brinker*, an employee argued that, "as used by the IWC, 'work period' is a term of art meaning 'a continuing period of hours worked . . . .'"  *Id.* at 1048.  The court responded that "[i]f the IWC's wage orders once informally adhered to [that] usage, its 2001 orders no longer do[,]" and went on to explicitly hold that a work period "is not a continuing period of hours worked."  *Id.* at 1048–49.  Under *Brinker*, when the Wage Order states that employees must keep track of the beginning and end of "each work period," this does not mean a "continuing period of hours worked" — which would accordingly come to an end at each meal period — but rather the beginning and end of each work day.

With *Brinker's* definition of "work period" in mind, the Wage Order's meaning is not ambiguous.  Under section 1174(d), employers must keep payroll records showing the hours worked daily by employees.  Cal. Lab. Code § 1174(d).  Wage Order 9 further defines the Labor Code's requirement:  Employers must maintain time records showing when the employee begins and ends ***each work period***.  Applying *Brinker*, this means employers must record when the employee begins and ends each work day.  8 Cal. Code Regs. § 11090(7)(A)(3).  "Meal periods . . . shall also be recorded."  *Id.*  Unlike its direction regarding word

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 16-04911-MWF-KS**                    Date:  **September 27, 2016**
Title:        K. Schroeder -*v*- Envoy Air, Inc., et al.

periods, the Wage Order contains no explicit requirement that the start and end of each meal period be recorded.  It requires employers to record only that a meal period occurred.

Plaintiffs fail to show that section 1174 and IWC Wage Order 9 require employers to keep payroll records that include the start and end times of meal periods.  Accordingly, the Motion to Dismiss Claim Six is **GRANTED** *without leave to amend.*

### F.     Claim Seven Fails to State a Claim For Overtime Wages for Voluntary Shift Trades

Claim Seven of the SAC alleges that Envoy failed to pay Plaintiffs and class members the minimum wage and appropriate overtime wages for work performed by non-exempt employees in excess of eight hours per day and forty hours per week.  (SAC ¶¶ 94–95).  For the same reasons stated in Section VI.B, *supra*, Plaintiffs fail to allege their minimum wage claim with sufficient specificity.  The Motion to Dismiss this portion of Claim Seven is therefore **GRANTED**, *with leave to amend*.

As for Plaintiffs' overtime claims, Envoy asserts that it qualifies for an exemption under IWC Wage Order 9.  (Mot. at 18–21).  Wage Order 9(3)(N) states that airlines need not pay overtime wages to employees who work more than 40 hours, but less than 60 hours, per week "due to a temporary modification in the employee's normal work schedule . . . arranged at the request of the employee, including but not limited to situations where the employee requests a change in days off or trades days off with another employee."  8 Cal. Code Regs. § 11090(3)(N).  In 1999, California passed the Eight-Hour-Day Restoration and Workplace Flexibility Act, which amended the Labor Code to expressly identify daily overtime (as opposed to weekly overtime) as a statutory requirement.  As amended by the Act, Labor Code section 515 nevertheless retained the valid exemptions to overtime requirements from the 1997 Wage Order.  Cal. Lab. Code § 515(b)(2) (". . . [N]othing in this section requires the commission to alter any exemption from provisions regulating hours of work that was contained in any valid wage order in effect in 1997."); *see also Collins v. Overnite Transp. Co.*, 105

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   **CV 16-04911-MWF-KS**                Date:  **September 27, 2016**
Title:         K. Schroeder -*v*- Envoy Air, Inc., et al.

Cal. App. 4th 171, 177, 129 Cal. Rptr. 2d 254 (2003) (applying exemption from
1997 Wage Order to truck drivers after the passage of the Act).  The airline
exemption for voluntary shift trades is one of the valid exemptions in the 1997
Wage Order, and it continues to apply to Envoy.  *See Blackwell v. SkyWest
Airlines, Inc.*, 245 F.R.D. 453, 463 (S.D. Cal. 2007) ("Under [Wage Order
9(3)(N)], a plaintiff is not entitled to overtime compensation if she worked above
40 but not more than 60 hours in a week as a result of voluntary shift trades.").
Plaintiffs contend that the exemption only applies to *weekly* overtime.  In other
words, Plaintiffs argue that Wage Order 9 does not exempt Envoy from paying
overtime to employees who work more than 8 hours per day, even if employees
may trade for an extra 8 hour shift per week under the exemption.  (Opp. at 18–22).

        The text of the Wage Order is ambiguous, and provides little guidance to the
Court.  The exemption explicitly includes, ***but is not limited to***, situations where
"the employee requests a change in days off or trades days off with another
employee."  8 Cal. Code Regs. § 11090(3)(N).  The exemption is located in a
section titled "Hours and Days of Work."  *Id.*  Although there is little caselaw in
this area, two relevant cases indicate that Defendants have the better of the
argument.  In *Collins*, the California Court of Appeal sustained a demurrer even
though plaintiffs alleged they were not paid overtime for work performed in excess
of forty hours per week ***and/or*** eight hours per day.  *See* Complaint, *Collins v.
Overnite Transp. Co.*, No. H219685-3, 2001 WL 34774909 (Cal. Sup. Ct. May 3,
2001); *Collins*, 105 Cal. App. 4th at 180.  In *Blackwell*, a district court in the
Southern District of California read Wage Order 9 to exempt an airline employer
from paying overtime for hours worked in excess of eight per day if the employee
worked between 40 and 60 hours per week due to voluntary shift trades.
*Blackwell*, 245 F.R.D. at 463.  Although it is admittedly a close question, the
relevant authorities indicate that Wage Order 9 exempts Envoy from paying either
daily or weekly overtime to employees who worked between 40 and 60 hours per
week due to voluntary shift trades.

        Finally, Schroeder contends that she was not properly compensated for
working seven days in a week, in excess of 60 hours per week, pointing to her June
13, 2014 wage statement as an example.  (Opp. at 22).  Envoy urges the Court to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 16-04911-MWF-KS**                    Date:  **September 27, 2016**
Title:          K. Schroeder -*v*- Envoy Air, Inc., et al.

ignore this wage statement, as it is precluded by the *Mooney* settlement.  (Reply at 21 n.13).  Although the Court has determined that Schroeder is precluded from pleading facts giving rise to Claim Seven during the class period, Plaintiffs have been afforded leave to amend the SAC accordingly.  Plaintiffs may plead sufficient facts to support this claim for relief in the Third Amended Complaint.

Accordingly, the Motion to Dismiss Claim Seven is **GRANTED.**  Plaintiffs have **leave to amend** those portions of Claim Seven alleging minimum wage violations and a failure to pay overtime for working seven days in a week.  To the extent that Claim Seven alleges a claim for relief that ignores the exemption for voluntary shift trades contained in Wage Order 9, those claims are dismissed **without leave to amend**.

### G.      Claim Fifteen Fails to State a Claim for Violations of the FLSA

Finally, Envoy challenges Claim Fifteen, which relies on the allegations of Claims Seven to allege a violation of the FLSA.  Envoy contends that as "a carrier by air subject to the provisions of title II of the Railway Labor Act[,]" it is exempt from the FLSA's overtime requirements.  (Mot. at 24–25 (quoting 29 U.S.C. § 213(b)(3)));  *see also Goodwin v. Am. Airlines, Inc.*, No. CIV. A. 06-162, 2008 WL 1901774, at *1 (D.V.I. Apr. 22, 2008) ("American Eagle [*i.e.*, Envoy] is a common carrier under the RLA.");  *Russell v. Am. Eagle Airlines, Inc.*, No. 07CV4119(NG) RER, 2008 WL 2600856, at *1 (E.D.N.Y. July 1, 2008) (same).

Plaintiffs respond that the FLSA exemption for common carriers by air does not apply to workers who spend more than 20% of their time on non-exempt work.  (Opp at 25 (citing 29 C.F.R. § 786.1)).  Although this is true, Plaintiffs do not plead in the SAC that either they or the members of the class they seek to represent spend more than 20% of their time on non-exempt work.  As discussed above, Plaintiffs must allege at least **some** specific facts tending to support their claims, from which the Court may infer a plausible claim for relief.  The Motion to Dismiss Claim Fifteen is therefore **GRANTED *with leave to amend***.

---

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 16-04911-MWF-KS** | Date:  **September 27, 2016** |
| Title: | K. Schroeder -*v*- Envoy Air, Inc., et al. | |

### V.     **CONCLUSION**

For the foregoing reasons, Envoy's Motion is **GRANTED** *in part* and **DENIED** *in part*.  The Court grants Plaintiffs leave to amend some of the dismissed claims, as noted above.  The Court will not grant Plaintiffs leave to amend another time.  The Third Amended Complaint shall be filed no later than **October 24, 2016.**

IT IS SO ORDERED.