Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave.
Glendale, California 91203
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
pmohan@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
600 Canterbury Lane
Sagamore Hills, Ohio 44067
Telephone: (330) 748-4475
Facsimile: (330) 748-4475
jpdorigan@aol.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. SCHROEDER, O. GUERRA, ARTURO ALVAREZ, GILBERTO FRAGOSO and FIDEL RAMIREZ, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ENVOY AIR, INC., <br><br> Defendants. | Case No. 2:16-cv-04911-MWF-KS <br><br> *Assigned to the Hon. Michael W. Fitzgerald* <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY'S FEES, INCENTIVE AWARD AND REIMBURSEMENT OF COSTS** <br><br> Hearing Date:   April 22, 2019 <br> Time:  10:00 a.m. <br> Ctrm:  5A <br>       350 West First Street <br>       Los Angeles, CA 90012 |

Pursuant to Federal Rule of Evidence 201, this Court may take judicial notice of the following:

1.    The adjusted <u>Laffey</u> matrix, a true and correct copy of which is attached to the concurrently filed Declaration of Alan Harris as Exhibit 4.  See <u>Diamond Sawblades Mfrs. Coal. v. United States</u>, 816 F. Supp. 2d 1342, 1362 & n.7 (Ct. Int'l Trade 2012) (taking judicial notice of the "adjusted matrix [] available at http://www.laffeymatrix.com/see.html," which is the same website from which the adjusted <u>Laffey</u> matrix attached as Exhibit 4 to the Harris Declaration was taken).

2.    Salary tables from the U.S. Office of Personnel Management, true and correct copies of which are attached to the concurrently filed Declaration of Alan Harris as Exhibit 5.  See <u>Gerritsen v. Warner Bros. Entertainment Inc.</u>, 112 F.Supp.2d 1011,   (2015)  (stating that "information on government agency websites has often been treated as properly subject to judicial notice."); <u>Dingle v. BioPort Corp.</u>, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) (stating that "[p]ublic records and government documents are generally considered 'not to be subject to reasonable dispute'" and that "[t]his includes public records and government documents available from reliable sources on the Internet").

3.    The First and Final Application of O'Melveny & Myers LLP As Special Labor Counsel To Debtors, For Allowance Of Compensation For Professional Services Rendered And Reimbursement Of Actual And Necessary Expenses Incurred From December 1, 2016, Through And Including April 30, 2017.  <u>In re Republic Airways Holdings, Inc.</u>, Case No. 16-10439, ECF Doc. 1850 (Bankr. S.D. N.Y. 2017).  A true and correct copy of the O'Melveny & Myers LLP Application is

attached hereto as Exhibit 1. The Court may properly take judicial notice of the Application as a court document that can be "verified in the public record." Ready v. MedQuist, Inc., No. 12-CV-01234 PSG, 2012 WL 6020010 at *2 (N.D. Cal. Dec. 3, 2012) ("It is well-settled that the court may take judicial notice of matters that can be verified in the public record, including court documents.")

DATED: February 8, 2019

HARRIS & RUBLE
LAW OFFICES OF JOHN P. DORIGAN

*/s/ Alan Harris*

Alan Harris
John P. Dorigan
*Attorneys for Plaintiffs*

REQ. JUDICIAL NOT. IN SUPP. MOT. FOR AWARD OF ATTORNEY'S FEES, ENHANCEMENT AWARDS & REIMBURSEMENT OF COSTS

# Exhibit 1

**O'MELVENY & MYERS LLP**
Times Square Tower
Seven Times Square
New York, NY 10036
Telephone: (212) 326-2000
Michael F. Lotito, Esq.

*Special Labor Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.*, | : | **Case No. 16-10429 (SHL)** |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**FIRST AND FINAL APPLICATION OF O'MELVENY & MYERS LLP,**
**AS SPECIAL LABOR COUNSEL TO DEBTORS, FOR ALLOWANCE**
**OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM**
**DECEMBER 1, 2016, THROUGH AND INCLUDING APRIL 30, 2017**

## <u>SUMMARY COVER SHEET FOR FEE APPLICATION</u>

| | |
|---|---|
| Total compensation sought this period | $392,146.25 |
| Total expenses sought this period | $10,361.71[1] |
| Petition date | February 25, 2016 |
| Retention date | *nunc pro tunc* to December 1, 2016 |
| Date of order approving employment | May 12, 2017 |
| Total compensation approved by interim order to date | None |
| Total expenses approved by interim order to date | None |
| Total compensation and expenses paid to date pursuant to the Employment Order | None |
| Blended rate in this application for all attorneys | $763.34 |
| Blended rate in this application for all timekeepers | $696.16 |
| Compensation sought and already paid pursuant to a monthly compensation order but not yet allowed | None |
| Number of professionals included in this application | 9 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | 1 |
| If applicable, difference between fees and expenses budgeted and compensation and reimbursement sought for this period | N/A[2] |
| Number of professionals billing fewer than 15 hours to the case during this period | 4 |
| Are any rates higher than those approved or disclosed at retention? | No |

---

[1]     Through this Application, O'Melveny seeks reimbursement of $10,361.71 of expenses after giving effect to a voluntary reduction of $736.15.

[2]     The Debtors approved budgeted fees totaling $610,705.00 in the aggregate for the Compensation Period. Actual fees totaled $392,146.25 in the aggregate for the Compensation Period.

## COMPENSATION BY PROFESSIONAL

The professionals who rendered services during the Compensation Period are as follows:

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT | YEAR ADMITTED | HOURLY BILLING RATE (YEAR) | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Robert Siegel | Partner | Labor and Employment | 1975 (California) | $1,250.00 (2017) | 1.0 | $1,250.00 |
| Aparna B. Joshi | Partner | Labor and Employment | 2000 (Illinois) | $925.00 (2017) | 116.6 | $107,855.00 |
| Aparna B. Joshi | Partner | Labor and Employment | 2000 (Illinois) | $875.00 (2016) | 81.0 | $70,875.00 |
| Aparna B. Joshi | Partner | Labor and Employment | 2000 (Illinois) | $437.50[1] (2016) | 3.5 | $1,531.25 |
| Rachel S. Janger | Counsel | Labor and Employment | 1999 (New York) | $795.00 (2017) | 101.4 | $80,613.00 |
| Rachel S. Janger | Counsel | Labor and Employment | 1999 (New York) | $745.00 (2016) | 4.7 | $3,501.50 |
| Michael F. Lotito | Counsel | Restructuring | 2011 (New York) | $810.00 (2017) | 33.3 | $26,973.00 |
| Michael F. Lotito | Associate | Restructuring | 2011 (New York) | $725.00 (2016) | 1.6 | $1,160.00 |
| Matthew P. Kremer | Associate | Restructuring | 2013 (New York) | $700.00 (2016) | 1.2 | $840.00 |
| Lindsey R. Love | Associate | Litigation | 2014 (Indiana) | $610.00 (2017) | 47.4 | $28,914.00 |
| Lindsey R. Love | Associate | Litigation | 2014 (Indiana) | $515.00 (2016) | 92.6 | $47,689.00 |
| Lindsey R. Love | Associate | Litigation | 2014 (Indiana) | $257.50[2] (2016) | 3.0 | $772.50 |
| Lynn Talab | Paralegal | Litigation | N/A | $355.00 (2017) | 2.9 | $1,029.50 |
| Steven Segal | Paralegal | Litigation | N/A | $355.00 (2017) | 10.1 | $3,585.50 |
| Steven Segal | Paralegal | Litigation | N/A | $335.00 (2016) | 4.6 | $1,541.00 |
| Timothee Charpie | Paralegal | Litigation | N/A | $240.00 (2017) | 58.4 | $14,016.00 |

---

[1]    Nonworking travel billed at half of hourly rate.

[2]    Nonworking travel billed at half of hourly rate.

## TOTAL FEES FOR THE COMPENSATION PERIOD

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners (2) | $898.13 | 202.1 | $181,511.25 |
| Counsel/Associates (4) | $667.82 | 285.2 | $190,463.00 |
| Paraprofessionals (3) | $265.42 | 76.0 | $20,172.00 |
| **Total** | **$696.16** | **563.3** | **$392,146.25** |

## COMPENSATION BY PROJECT CATEGORY

| PROJECT CATEGORY | TOTAL HOURS BILLED | AMOUNT |
|---|---|---|
| General Labor Advice | 140.0 | $109,568.50 |
| Bradley Grievance | 92.1 | $62,551.75 |
| JIC Grievances | 79.2 | $48,132.00 |
| Recall Grievance | 244.0 | $164,884.00 |
| Longevity/401(k) Grievance | 8.0 | $7,010.00 |
| **Total:** | **563.3** | **$392,146.25** |

## EXPENSE SUMMARY

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| After-Hours and Working Meals | $144.21 |
| Delivery Services / Messengers | $131.13 |
| Local Travel | $173.89 |
| Online Research | $7,029.04 |
| Out of Town Travel | $2,492.84 |
| Printing / Copying (Grayscale) | $151.40 |
| Printing / Copying (Color) | $125.80 |
| Text Editing / Proofreading | $113.40 |
| **Total:** | **$10,361.71** |

**O'MELVENY & MYERS LLP**
Times Square Tower
Seven Times Square
New York, NY 10036
Telephone: (212) 326-2000
Michael F. Lotito, Esq.

*Special Labor Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.*, | : | **Case No. 16-10429 (SHL)** |
| Debtors. | : | **(Jointly Administered)** |

---------------------------------------------------------------------x

**FIRST AND FINAL APPLICATION OF O'MELVENY & MYERS LLP,**
**AS SPECIAL LABOR COUNSEL TO DEBTORS, FOR ALLOWANCE**
**OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM**
**DECEMBER 1, 2016, THROUGH AND INCLUDING APRIL 30, 2017**

TO THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE:

        O'Melveny & Myers LLP ("**O'Melveny**"), for its first and final application (the

"**Application**"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the

"**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District

of New York (the "**Local Rules**"), for final allowance of compensation for professional services

performed by O'Melveny as special labor counsel to Republic Airways Holdings Inc.

("**Republic**") and certain of its affiliates, as debtors and debtors in possession (collectively, the

"**Debtors**"), for the period commencing December 1, 2016, through and including April 30,

2017 (the "**Compensation Period**"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, respectfully represents:

## Preliminary Statement

1.      O'Melveny serves as Debtors' special counsel for certain labor and employment and possible litigation matters in these chapter 11 cases before the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). During the Compensation Period, O'Melveny provided advice and services related to the Debtors' business operations, including advice with respect to ongoing labor and employment issues with the Debtors' represented and unrepresented work groups (including issues regarding interpretation and application of collective bargaining agreements, legal issues related to employment policies, and labor arbitration-related advice and representation).

2.      O'Melveny's efforts to advise and represent the Debtors in these cases during the Compensation Period were necessary and of substantial benefit to the administration of the chapter 11 estates. The professional services performed and expenses incurred were actual and necessary to preserve and protect the value of the Debtors' assets for the benefit of all parties in interest. In light of the nature of these cases, O'Melveny's charges for professional services performed and expenses incurred are reasonable under the applicable standards. O'Melveny respectfully requests that the Bankruptcy Court grant the Application and allow final compensation for professional services performed and reimbursement for expenses as requested.

3.      This Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to Local Rule 2016-1(a) (as amended June 17, 2013) (the "**Local Guidelines**"), and the U.S. Trustee Guidelines for

2

Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective June 11, 2013 (the "**UST Guidelines**," and, together with the Local Guidelines, the "**Fee Guidelines**").

4.       Ethan Blank, the Debtors' Vice President and General Counsel, has been given the opportunity to review invoices detailing the compensation and reimbursement of expenses substantially consistent with the compensation and reimbursement of expenses requested herein.

### Jurisdiction

5.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

6.       On February 25, 2016 (the "**Commencement Date**"), each of the Debtors commenced with this Bankruptcy Court a voluntary case under chapter 11 of the Bankruptcy Code. Information regarding the Debtors' business, prepetition capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Bryan K. Bedford Pursuant to Local Bankruptcy Rule 1007-2* (ECF No. 4).

7.       The Debtors continued to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases were jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). No trustee or examiner was appointed in these chapter 11 cases. On April 4, 2016, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "**UCC**").

8.      On April 20, 2017, the Bankruptcy Court entered the Order Confirming Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Docket No. 1722] (the "**Confirmation Order**") confirming the Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (as amended, supplemented, or otherwise modified, the "**Plan**"). The Plan became effective on April 30, 2017 (the "**Effective Date**"). On the Effective Date, the UCC was dissolved except with respect to certain preserved matters for which the UCC still retains standing and a right to be heard.

## The Debtors' Retention of O'Melveny

9.      The Debtors originally retained O'Melveny in these chapter 11 cases *nunc pro tunc* to the Commencement Date as an ordinary course professional pursuant to the Bankruptcy Court's order authorizing the employment of such professionals [Docket No. 213] (the "**OCP Order**"). Fees and expenses authorized to be paid to O'Melveny pursuant to the OCP Order and related orders of the Bankruptcy Court are not subject to this Application or further review; such fees and expenses of O'Melveny as an ordinary course professional have been authorized to be paid on a final basis.[1]

10.     By order entered May 12, 2017 [Docket No. 1770] (the "**Retention Order**") attached hereto as **Exhibit A**, the Bankruptcy Court approved the Debtors' application to retain and employ O'Melveny as their special labor counsel pursuant to section 327(e) of the Bankruptcy Code.

---

[1]     *See Order Granting Second Interim Applications, and Interim Applications of Certain Ordinary Course Professionals, for Allowance of Compensation and Reimbursement of Expenses* [Docket No. 1274]; *Order Granting Second Application of O'Melveny & Myers LLP, as Ordinary Course Professionals for Debtors, for Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from October 1, 2016 Through and Including October 31, 2016* [Docket No. 1374].

4

11. The Retention Order authorizes the Debtors to compensate and reimburse O'Melveny in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Fee Guidelines. The Retention Order also authorizes the Debtors to compensate O'Melveny at hourly rates for services rendered and to reimburse O'Melveny for its actual and necessary expenses incurred, subject to application to the Bankruptcy Court.

12. The Retention Order authorized O'Melveny to render the following services to the Debtors (the "**Representative Matters**"):

- to provide ordinary course advice and services to the Debtors with respect to labor, employee benefits, and other employment-related matters;

- to prepare for and represent the Debtors in the defense of several pilot grievances and arbitrations; and

- to render such other necessary advice and services as the Debtors may require, including litigation and arbitration services.

**Summary of Professional Compensation
and Reimbursement of Expenses Requested**

13. O'Melveny seeks allowance of compensation for professional services performed during the Compensation Period in the amount of $392,146.25 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $10,361.71 (after giving effect to a voluntary reduction of $736.15). During the Compensation Period, O'Melveny attorneys and paraprofessionals expended a total of 563.3 hours in connection with the necessary services performed.

14. The expenses for which O'Melveny seeks reimbursement already account for a voluntary reduction in the aggregate amount of $736.15. Further, O'Melveny wrote-off an additional $995.86 in fees and expenses incurred but not paid prior to December 1, 2016.

15. There is no agreement or understanding between O'Melveny and any other person, other than members of O'Melveny, for the sharing of compensation to be received for

Case 2:16-04011-MWK-KS    Document 1444    Filed 02/10/19    Page 16 of 33    Page
ID #2837

services rendered in these cases. During the Compensation Period, O'Melveny received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application (other than the Debtors in accordance with applicable orders of the Bankruptcy Court).

16.    The fees charged by O'Melveny in this case are billed in accordance with O'Melveny's billing rates and procedures in effect during the Compensation Period. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and nonbankruptcy cases in a competitive national legal market.

17.    O'Melveny consistently monitors its charges and expenses before the submission of monthly fee statements for possible errors or charges that should be reduced.

18.    Attached hereto as **Exhibit B** is a certification by Aparna B. Joshi regarding compliance with the Fee Guidelines.

19.    The attached summary sheet contains a schedule of O'Melveny professionals, paraprofessionals, and other non-legal staff, if any, who have performed services for the Debtors during the Compensation Period, the capacities in which each individual is employed by O'Melveny, the department in which each individual practices, the hourly billing rate charged by O'Melveny for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.

20.    The attached summary sheet also contains a summary of O'Melveny's time records billed during the Compensation Period using project categories hereinafter described. O'Melveny maintains computerized records of the time spent by all O'Melveny attorneys and

paraprofessionals in connection with the Representative Matters. Copies of these computerized records are attached hereto as **Exhibit C** and have been or will be furnished to the Debtors, the Bankruptcy Court, and the U.S. Trustee, and other parties in interest in the format specified by the Fee Guidelines substantially contemporaneously with the filing of this Application.

21.     The attached summary sheet contains a schedule specifying the categories of expenses for which O'Melveny is seeking reimbursement and the total amount for each such expense category. Itemized schedules of all such expenses are included with O'Melveny's fee statements attached hereto as **Exhibit C** and thus have been provided to the Debtors, the Bankruptcy Court, counsel for the UCC, the U.S. Trustee, and other parties in interest.

22.     Annexed hereto as **Exhibit D** is a summary and comparison of the aggregate blended hourly rates billed by O'Melveny's timekeepers in U.S. offices (excluding timekeepers billing to restructuring matters) during the period of January 1, 2016, through December 31, 2016 (the "**Comparable Period**"), and the blended hourly rates billed to the Debtors during the Compensation Period. The blended hourly rate for U.S. attorneys (excluding attorneys billing to restructuring matters) for the Comparable Period was approximately $672 per hour; the blended hourly rate for all O'Melveny timekeepers who billed to the Debtors during the Compensation Period in this Application was approximately $696 per hour.

23.     O'Melveny's hourly rates are subject to annual and customary firm-wide adjustments in the ordinary course of O'Melveny's business, including on the first of January 2017. The blended rates for the Compensation Period (December 1, 2016, through April 30, 2017), therefore, reflect an increase in rates as compared to the blended rates for 2016. Nevertheless, the blended rates billed in the Debtors' cases for the Compensation Period are substantially similar to the firm-wide blended rates for 2016. Nearly all partner time is billed by

7

one partner, whose 2016 and 2017 hourly rates of $875 and $925, respectively, are substantially similar to the 2016 firm-wide blended partner rate of $880. Further, half of all associate and counsel time is billed by one junior associate, whose 2016 and 2017 hourly rates of $515 and $610, respectively, are substantially similar to the 2016 firm-wide blended rate of $578 for associates and counsel.

24.     Annexed hereto as **<u>Exhibit E</u>** is a summary of O'Melveny's budget for the Compensation Period. The Debtors approved a budget for fees totaling $610,705.00 in the aggregate for the Compensation Period. Actual fees of $392,146.25 in the aggregate for the Compensation Period were substantially under budget.

25.     Annexed hereto as **<u>Exhibit F</u>** is a summary of O'Melveny's staffing plan for the Compensation Period as approved by the Debtors. Actual staffing deviated from the prospective staffing plan only with respect to March 2017. One professional was not included the Debtors' March 2017 staffing plan: Steven Segal, an experienced paraprofessional in O'Melveny's litigation department, who cite-checked dispositive pleadings and other briefing in a cost-efficient manner. Accordingly, actual staffing was substantially in compliance with the Debtors' staffing plans, and the only deviation was necessary and beneficial to the Debtors' bankruptcy estates.

**Summary of Services Performed
<u>by O'Melveny During the Compensation Period</u>**

26.     During the Compensation Period, O'Melveny rendered a substantial amount of professional services to the Debtors in order to efficiently and economically assist the Debtors with labor and employment matters and to advise the Debtors with respect to ongoing labor and employment issues with the Debtors' represented and unrepresented work groups (including issues

8

regarding interpretation and application of collective bargaining agreements, legal issues related to employment policies, and labor arbitration-related advice and representation).

27. The following is a summary of the significant professional services rendered by O'Melveny during the Compensation Period, organized in accordance with O'Melveny's internal system of project or matter numbers.

a. General Labor Advice[2]
Fees: $109,568.50; Total Hours: 140.0
- review and analyze legal issues regarding collective bargaining agreements and Railway Labor Act;
- research regarding arbitrators to handle future client arbitrations; and
- communicate and negotiate with representatives of the Debtors' work groups.

b. Bradley Grievance
Fees: $62,551.75; Total Hours: 92.1
- communications with opposing counsel regarding grievance process and procedure; and
- prepare for pilot discharge arbitration hearing including associated review of background materials, preparation of case materials and exhibits, meetings with client, developing general case strategy, and representing Debtors at arbitration.

c. JIC Grievances
Fees: $48,132.00; Total Hours: 79.2
- prepare for pilot contract interpretation arbitration hearing, including associated review of background materials, preparation of case materials and exhibits, meetings with client, developing general case strategy, and representing Debtors at arbitration; and
- prepare post-hearing briefing.

d. Recall Grievance
Fees: $164,884.00; Total Hours: 244.0
- prepare for and draft summary judgment briefing in advance of scheduled arbitration regarding recall of furloughed Midwest Airlines pilots following pilot seniority integration, including associated review

---

[2]     General Labor Advice includes 39.0 hours of time expended by O'Melveny's restructuring attorneys and paraprofessional support in relation to O'Melveny's ordinary course professional fee applications, O'Melveny's section 327(e) retention application, and O'Melveny's other obligations under the OCP Order or Retention Order.

of background materials, communications with client, and development of case strategy; and

- prepare for arbitration hearing, including associated review of background materials, communications with client, and development of case strategy.

e. Longevity/401(k) Grievance
Fees: $7,010.00; Total Hours: 8.0
- communications with client and opposing counsel regarding arbitration preparation and scheduling; and
- review of background materials and development of case strategy.

28.    The foregoing professional services performed by O'Melveny were necessary and appropriate to further the administration of the Debtors' chapter 11 cases. The professional services performed by O'Melveny were in the best interests of the Debtors and other parties in interest. Compensation for such services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved. The professional services were performed expeditiously and efficiently and are in no way duplicative of services performed by any other professional.

29.    The professional services performed by O'Melveny on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 563.3 hours by O'Melveny's attorneys and paraprofessionals. Of the aggregate time expended, 202.1 recorded hours were expended by partners of O'Melveny, 285.2 recorded hours were expended by counsel and associates of O'Melveny, and 76.0 recorded hours were expended by paraprofessionals of O'Melveny.

30.    During the Compensation Period, O'Melveny billed the Debtors for time expended by attorneys based on hourly rates ranging from $515.00 to $1,250.00 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate

of approximately $763.34 for all attorneys (based on 487.3 recorded hours for attorneys at O'Melveny's agreed billing rates in effect at the time of the performance of services).

**Actual and Necessary Disbursements of O'Melveny**

31.     After giving effect to a voluntary reduction of $736.15 for photocopying expenses, O'Melveny disbursed $10,361.71 as expenses incurred in providing professional services during the Compensation Period. These expenses are reasonable and necessary and were essential to providing the professional services during the Compensation Period.

32.     With respect to photocopying expenses, in compliance with the Fee Guidelines and Local Rule 2016-1, O'Melveny charged the Debtors $0.10 per page of grayscale photocopying and $0.20 per page of color photocopying. After giving effect to the voluntary reductions described in the next paragraph, each of these categories of expenses does not exceed the maximum rate set by the Local Rules or Local Guidelines. These charges are intended to cover O'Melveny's direct operating costs, which costs are not incorporated into the O'Melveny hourly billing rates. Only clients who actually use services of the types set forth in the summary sheet are separately charged for such services.

33.     The amount of the standard photocopying charge—$0.15 per page of grayscale photocopying and $1.25 per page of color photocopying—is intended to allow O'Melveny to cover the related expenses of its photocopying service. A determination of the actual expenses per page for photocopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis. However, O'Melveny applied a voluntary reduction of $736.15 in relation to photocopying expenses in order to comply with the Fee Guidelines and Local Rule 2016-1, which allows for reimbursement of photocopies at the

lesser of $0.10 per page of grayscale photocopying, $0.20 per page of color photocopying, or cost.

## Statement on Attorneys Billing Fewer Than Fifteen (15) Hours During the Compensation Period

34.     Two of six attorneys included in this Application billed fewer than fifteen (15) hours for necessary services during the Compensation Period: Robert A. Siegel (1.0 hour); and Matthew P. Kremer (1.2 hours). Mr. Siegel is the lead partner representing Republic and consulted with partner Aparna Joshi on areas within his particular expertise, *e.g.*, arbitrations related to pilot seniority list integration. Mr. Kremer is an associate in O'Melveny's restructuring practice. On December 21, 2016, Mr. Kremer attended the hearing on O'Melveny's second fee application (as an ordinary course professional) [Docket No. 1216] while the lead restructuring attorney on this matter, Michael F. Lotito, was out of the country.

35.     Two paraprofessionals included in this Application billed fewer than fifteen (15) hours for necessary services during the Compensation Period: Steven Segal (14.7 hours); and Lynn Talab (2.9 hours). Fees billed by Mr. Segal and Ms. Talab were reasonable, necessary, and beneficial to the Debtors' bankruptcy estates. Mr. Segal is an experienced paraprofessional in O'Melveny's litigation department. Mr. Segal assisted O'Melveny attorneys in cite-checking dispositive pleadings and other briefing. Ms. Talab has substantial experience assisting the restructuring department with O'Melveny's fee applications in bankruptcy cases. During the Compensation Period, Ms. Talab assisted O'Melveny attorneys in preparing the firm's retention application as special labor counsel and in preparing this Application—*i.e.*, services that otherwise would have been performed by an attorney billing at a higher rate.

12

## The Requested Compensation Should Be Allowed

36.     Section 330 of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

37.     In the instant case, O'Melveny submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders

13

and to the orderly administration of the Debtors' chapter 11 estates. Such services and expenditures were necessary to and in the best interests of the Debtors' estates and creditors. The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

38.     Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed expediently and efficiently.

39.     In sum, the services rendered by O'Melveny were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## **Notice**

40.     Notice of this Application has been provided to parties in interest in accordance with the Order Pursuant to 11 U.S.C. §§ 105(a) and Fed. R. Bankr. P. 1015(c), 2002(m,), & 9007 Implementing Certain Notice and Case Management Procedures (ECF No. 70). O'Melveny submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

41.     No previous request for the relief sought herein has been made by O'Melveny to this or any other Court.

*[Remainder of page intentionally left blank.]*

## **Conclusion**

42.     O'Melveny respectfully requests that the Court (i) award final allowance of O'Melveny's compensation for professional services rendered during the Compensation Period in the amount of $402,507.96, consisting of $392,146.25 in fees incurred and $10,361.71 in actual and necessary expenses incurred during the Compensation Period, and that such allowance be without prejudice to O'Melveny's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application, (ii) direct payment by the Debtors of the amounts allowed, and (iii) grant such other and further relief as is just.

Dated: June 29, 2017

/s/ Michael F. Lotito
Michael F. Lotito
O'MELVENY & MYERS LLP
Times Square Tower
Seven Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Special Labor Counsel for Debtors and*
*Debtors in Possession*

**Exhibit A**

**Retention Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x

In re                                    :        **Chapter 11**

**REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.*, :        **Case No. 16-10429 (SHL)**

                              **Debtors.**[1]     :        **(Jointly Administered)**

--------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 327(e) and 328(a), FED. R. BANKR. P. 2014(a) & 2016 AND LOCAL BANKRUPTCY RULES 2014-1 & 2016-1 AUTHORIZING EMPLOYMENT AND RETENTION OF O'MELVENY & MYERS LLP AS SPECIAL LABOR AND EMPLOYMENT COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO DECEMBER 1, 2016

Upon the application, dated April 26, 2017 (the "**Application**"),[2] of Republic Airways

Holdings Inc. and certain of its wholly owned direct and indirect subsidiaries, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, "**Republic**" or the

"**Debtors**"), pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the

"**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the

Southern District of New York (the "**Local Bankruptcy Rules**"), for entry of an order

authorizing the employment and retention of O'Melveny & Myers LLP ("**O'Melveny**") as

special labor and employment counsel for the Debtors, all as more fully described in the

Application; and upon the Declaration of Aparna B. Joshi, dated April 26, 2017, annexed to the

---

[1]   The Debtors in these chapter 11 cases are the following entities:  Republic Airways Holdings Inc.; Republic Airways Services, Inc.; Republic Airline Inc.; Shuttle America Corporation; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  On January 31, 2017, Shuttle America Corporation merged with and into Republic Airline Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

[2]   Capitalized terms used but not defined in this Order shall have the meanings ascribed to such terms in the Application.

Application as **Exhibit A** (the "**Joshi Declaration**"), and the Declaration of Ethan J. Blank, Vice

President and General Counsel for Republic, dated April 26, 2017, annexed to the Application as

**Exhibit B** (the "**Blank Declaration**"); and the Court being satisfied, based on the representations

made in the Application and the Joshi Declaration, that that O'Melveny does not represent or

hold any interest adverse to the Debtors or their estates with respect to the matters on which it is

to be employed; and the Court having jurisdiction to consider the Application and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing

Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the

Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and sufficient notice of the Motion having been provided in accordance with the Court's

Case Management Order, dated March 2, 2016 (ECF No. 70), and it appearing that no other or

further notice need be provided; and upon the Application, the papers in support thereof and the

responses thereto, if any, the Joshi Declaration, and the Blank Declaration; and the Court having

found and determined that the relief sought in the Application is in the best interests of Republic,

its estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefore, it is

ORDERED that the Application is granted *nunc pro tunc* to the Engagement Date as

provided herein; and it is further

ORDERED that pursuant to sections 327(e) and 328(a) of the Bankruptcy Code,

Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, Republic

is authorized to employ and retain O'Melveny as special counsel to Republic *nunc pro tunc* to

the Engagement Date on the terms set forth in the Application and this Order for the Representative Matters identified in the Application and in accordance with O'Melveny's customary rates in effect from time to time and its disbursement policies; and it is further

ORDERED that O'Melveny shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any further order of the Court except that for ordinary course labor and employment services rendered prior to the Engagement Date, O'Melveny shall seek allowance of its compensation and expenses in accordance with any order of the Court establishing procedures for compensation of ordinary course professionals; and it is further

ORDERED that no provisions of this Order shall amend or modify the *Order Granting Second Interim Applications, and Interim Applications of Certain Ordinary Course Professionals, for Allowance of Compensation and Reimbursement of Expenses* (ECF No. 1274) or the *Order Granting Second Application of O'Melveny & Myers LLP, as Ordinary Course Professionals for Debtors, for Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from October 1, 2016 Through and Including October 31, 2016* (ECF No. 1374); and it is further

ORDERED that O'Melveny shall be reimbursed for reasonable and necessary expenses; and it is further

ORDERED that O'Melveny shall use its reasonable best efforts to avoid any duplication of services provided by any of Republic's other retained professionals in these chapter 11 cases; and it is further

ORDERED that O'Melveny shall provide ten (10) business days' notice to Republic, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), and the UCC in these chapter 11 cases in connection with any increase of the hourly rates listed in the Joshi Declaration. The U.S. Trustee and the UCC appointed in these cases retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code; and it is further

ORDERED that notice of the Application as provided therein shall be deemed good and sufficient notice of the Application; and it is further

ORDERED that to the extent the Application or any retention letter is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: May 12, 2017
New York, New York

/s/ Sean H. Lane
United States Bankruptcy Judge

**Exhibit B**

**Certification**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

In re                                                      :          **Chapter 11**

**REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.,* :          **Case No. 16-10429 (SHL)**

                                         **Debtors.**     :          **(Jointly Administered)**

-------------------------------------------------------------------x

**CERTIFICATION OF APARNA B. JOSHI IN SUPPORT OF**
**FIRST AND FINAL APPLICATION OF O'MELVENY & MYERS LLP,**
**AS SPECIAL LABOR COUNSEL TO DEBTORS, FOR ALLOWANCE**
**OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM**
**DECEMBER 1, 2016, THROUGH AND INCLUDING APRIL 30, 2017**

I, Aparna B. Joshi, hereby certify that:

1.       I am a partner with the applicant firm, O'Melveny & Myers LLP

("**O'Melveny**"), which has been retained as special counsel to Republic Airways Holdings, Inc.,

and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), to

provide labor and employment related legal services to the Debtors.

2.       This certification is made in connection with O'Melveny's application (the

"**Application**"), [1] dated as of the date hereof, for final allowance of compensation and

reimbursement of expenses for the period of December 1, 2016, through and including April 30,

2017 (the "**Compensation Period**"), and is made in compliance with the Amended Guidelines

for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy

Cases pursuant to Local Rule 2016-1(a) (as updated June 17, 2013) (the "**Local Guidelines**")

and   the   U.S.   Trustee   Guidelines   for   Reviewing   Applications   for   Compensation   and

---

[1]       Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such
terms in the Application.

Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**UST Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**").

      3.      Pursuant to section B(1) of the Local Guidelines, I certify that:

      a.      I have read the Application;

      b.      to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines;

      c.      the fees and disbursements sought are billed at rates in accordance with those customarily charged by O'Melveny and generally accepted by O'Melveny's clients; and

      d.      in providing a reimbursable service, O'Melveny does not make a profit on that service, whether the service is performed by O'Melveny in-house or through a third-party.

      4.      Pursuant to section B(2) of the Local Guidelines, I certify that O'Melveny has compiled with provisions requiring it to provide counsel to the official committee of unsecured creditors (the "**UCC**"), the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), the Debtors, and other parties in interest with a statement of O'Melveny's fees and disbursements accrued during the Compensation Period.

      5.      Pursuant to section B(3) of the Local Guidelines, I certify that the Debtors, counsel to the UCC, and the U.S. Trustee are each being provided with a copy of the Application.

      6.      **<u>Exhibit D</u>** to the Application compares the aggregate blended hourly rates billed by O'Melveny's timekeepers in U.S. offices (excluding timekeepers billing to restructuring matters) during the period of January 1, 2016, through December 31, 2016 (the "**Comparable Period**"), and the blended hourly rates billed to the Debtors during the Compensation Period. The blended hourly rate for U.S. attorneys (excluding attorneys billing to

2