# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. SCHROEDER, O. GUERRA, ARTURO ALVAREZ, GILBERTO FRAGOSO, and FIDEL RAMIREZ, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENVOY AIR, INC., and DOES 1–100, inclusive,<br><br>Defendants. | Case No. CV 16-4911-MWF (KSx)<br><br>**JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

The Motion for Final Approval of Class Settlement (the "Settlement Motion") and the Motion for Award of Attorney's Fees, Enhancement Awards and Reimbursement of Costs (the "Fee Motion"), filed by Plaintiffs Karla Schroeder, Osvaldo Guerra, Arturo Alvarez, Gilberto Fragoso, and Fidel Ramirez ("Plaintiffs"), came regularly for hearing before this Court on April 22, 2019. After consideration of all the papers filed in connection therewith, the arguments of counsel, and all other matters presented to the Court, and good cause appearing therefore, the two motions are **GRANTED** and,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Joint Stipulation for Class Action Settlement and Release (the "Settlement Agreement") and any exhibits thereto shall be incorporated into this Order as though all terms therein are set forth in full. The capitalized terms in this Order shall have the same force and effect as the terms defined in the Settlement Agreement.

2. The terms of the Settlement Agreement reached by Plaintiffs and Defendant Envoy Air Inc. ("Envoy" or "Defendant") as a result of arms-length negotiations, as set forth in the Settlement Agreement, are hereby finally approved as being fair, reasonable and adequate for Settlement Class Members.

3. The Court has jurisdiction over this Action, all Parties involved, Plaintiffs, Defendant, and the Settlement Class Members.

4. The Court finds that the Settlement Agreement is in the best interests of Settlement Class Members, is fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23, and **GRANTS** final approval of the Settlement Agreement and all of the terms and conditions contained therein.

5. As required by 28 U.S.C. § 1715, Claims Administrator, on behalf of Defendant, mailed the Class Action Fairness Act Notices to the appropriate persons or entities within ten (10) calendar days of the date of the filing of the Settlement Agreement and more than ninety (90) days before the scheduled April 22, 2019 Fairness Hearing date.

6. The Court preliminarily found class certification for settlement purposes appropriate under Federal Rule of Civil Procedure 23. (Docket No. 111). The Court now finds final certification of the Settlement Class appropriate, as well. Accordingly, pursuant to Federal Rule of Civil Procedure 23, the Court finally certifies, for settlement purposes only, the Settlement Class defined as follows:

> [A]ll persons who were employed by Envoy within the State of California as non-exempt employees at any time from May 25, 2012 through October 31, 2018, excluding those individuals who timely submitted a valid Request for Exclusion.

For the purpose of the Settlement Agreement, "non-exempt employees" shall include persons bearing the job classification Passenger Service Agent, Agent Cabin Appearance, Agent Compliance Coordinator, Agent Expediter, Agent Operations Planning, Agent Passenger Services, Bus Driver, Station Agent, Agent Customer Service, Customer Assistance Representative, Customer Service Coordinator, Premium Customer Service Representative, Customer Relations Representative, Ramp Agent, Fleet Service Clerk, Technician, Ground Security Coordinator, Ground Support Technician, Repairman, Aircraft Cleaners, Ground Equipment Technician, Mechanic, Aircraft Maintenance Technician, Inspector, Inspector Mechanic, Aircraft Mechanic, Tool and Die Mechanic, Material Logistics Specialist, Inventory Control Specialist, Mechanic Line, Mechanic Plant Maintenance Auto, Maintenance Support Person Auto, System Support Center Specialist, Staff Administrators, Staff Assistants, Administrators, or any other classification of non-exempt employees employed by Envoy in the State of California during the Class Period. This definition shall further include any "Lead," "Senior," "Crew Chief," or other gradations of the same position(s).

7. The Court finds that Class Counsel satisfies the requirements of Rule 23(g). The Court further confirms for settlement purposes the appointment of Plaintiffs' counsel as Class Counsel under Rule 23(g).

8. The Court finds that Plaintiffs adequately represented the Class in this matter.

9. The Notice Packet, which included the Class Notice and Claim Forms, was approved by the Court and was provided by First Class Mail to the Settlement Class Members at their last known address.

10. The Court finds that the Notice Packet fairly and adequately advised Settlement Class Members of the following: the pendency of the Class Action; the certification of the Settlement Class for settlement purposes; preliminary Court approval of the Settlement Agreement; the date of the Final Fairness Hearing; the

terms of the Settlement Agreement and the benefits available to Settlement Class Members thereunder; Settlement Class Members' rights to opt-out, or to object, and the procedures for exercising those rights; and the Settlement Class Members' rights to submit documentation in opposition to the Settlement Agreement. The Court further finds that said Notice of Class Action Settlement comports with all constitutional requirements, including those of due process.

      11. On March 25, 2019, the Claims Administrator filed with the Court a declaration attesting to the mailing of the Notice to all members of the Settlement Class and the results of the Notice.

      12. The following individuals timely submitted a Request for Exclusion Form pursuant to the terms of the Settlement Agreement and are thus excluded from the Settlement:

    a. MARIN, WILLIAM
    b. GRIFFIN, KEISHA
    c. YRACHETA, SOPHIA
    d. YOUNG, JASMINE
    e. TAMAYO, FRANCISCO
    f. MULUNAREY, KEISHA
    g. NARVAEZ, GERARDO
    h. CABRERA, FABIAN
    i. ALVA, EDWARD
    j. WEATHERSBY, SANDRA
    k. MCCLAREN, JAMES
    l. QUINTANA, MARIA
    m. ROLON, DAVID
    n. SPIELBERGER, JON
    o. FRIZ, JAVIER
    p. GOMEZ, LUIS

| | | |
|---|---|---|
| 1 | q. | DIMACULANGAN, MANUEL |
| 2 | r. | PRADO, MARIBEL |
| 3 | s. | SOYLON, ALLAN |
| 4 | t. | NUNEZ, MARCO |
| 5 | u. | NUNEZ, HUGO |
| 6 | v. | FELEKE, ROMAN A. |
| 7 | w. | PADILLA, CARLOS |
| 8 | x. | MUNOZ, LUIS |
| 9 | y. | MANALAC, BIEN JOHN |
| 10 | z. | BROOKS JR, JEROLD |
| 11 | aa. | MORTON, MARLON |
| 12 | bb. | MARTINEZ, MARTIN |
| 13 | cc. | SMITH, DIONNA |
| 14 | dd. | THOMAS, OLIVER |
| 15 | ee. | CASTRO, HUGO |
| 16 | ff. | ARAUZ GONZALEZ, JEFFREY |
| 17 | gg. | RODRIGUEZ LOPEZ, OSCAR |
| 18 | hh. | MALDONADO, BENJAMIN RAMIREZ |
| 19 | ii. | GETANEH, HIWOTIE |
| 20 | jj. | MERINO, GUILLERMO |
| 21 | kk. | DIUSA, ANTHONY |
| 22 | ll. | GONZALEZ, LORENA |
| 23 | mm. | SCOTT, THEODISTHREE |
| 24 | nn. | ROMAN, ANDRE |
| 25 | oo. | ACHI, SOUHIL |
| 26 | pp. | ACHI, SHEHADEH |
| 27 | qq. | FREDERICKS, MATTHEW |
| 28 | rr. | MORALES, JOVHANY |

13.  Pursuant to the terms of the Settlement Agreement, the Effective Date of this Judgment shall be the sixty-fifth day after this judgment is signed and entered (assuming no appeal or review is sought).  Upon the Effective Date, and subject to Defendant's deposit of its financial obligations under the Settlement Agreement, the Named Plaintiffs and every Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished and discharged all Settlement Class Released Claims (as defined below) against all Envoy Releasees, as those terms are defined in the Settlement Agreement and below, regardless of whether such persons received any compensation under the Settlement Agreement.  Except as to such rights or claims that may be created by the Settlement Agreement, all Settlement Class Members who did not timely and properly opt out are hereby forever barred and enjoined from prosecuting or seeking to reopen the released claim, and any other claims released by the Settlement Agreement, against the Envoy Releasees.

14.  "Settlement Class Released Claims" means all actions, causes of action, suits, liabilities, claims, and demands whatsoever, and each of them, whether known or unknown, during the Class Period, which the Settlement Class or individual members thereof, has, had, or hereafter may claim to have, against Envoy Releasees, or any of them, which are based on, arise from, or in any way relate to any and all claims and allegations of the Settlement Class in this Action or the Complaints, as set forth in any and all pleadings in this Action or the Complaints, as well as any and all claims and allegations that could have been raised in this Action or the Complaints, which include, by way of description, but not by way of limitation, claims on behalf of the Settlement Class alleging that Envoy provided Settlement Class Members with meal periods more than five hours after their shifts had started, that Envoy required or permitted Settlement Class Members to take rest breaks in conjunction with and/or combined with their meal periods, that Envoy required, suffered, or permitted Settlement Class Members to

work off the clock; that Envoy illegally and inaccurately recorded the time worked by Settlement Class Members, that Envoy owes Settlement Class Members compensation for time spent traveling to and from their workplace at Envoy's remote terminal at LAX, that Envoy failed to include premiums and/or higher rates of pay for holidays and/or shift differentials into Settlement Class Members' regular rate for the purposes of calculating overtime, that Envoy failed to reimburse Settlement Class Members for business-related cell phone usage or any other expenses, that Envoy failed to timely provide wages upon termination; that Envoy failed to record, report, and pay any amounts of money to state authorities under the California Labor Code and other applicable regulations, and any claims asserting alleged violations of California Labor Code, any Wage Order of the California Industrial Welfare Commission ("IWC"), California Business and Professions Code sections 17200 *et seq.*, and any claims arising from the claims described above under federal or applicable state, local, or territorial law ("the Settlement Class Released Claims"). The Settling Parties intend the Settlement Class' release to be general and comprehensive in nature, to the maximum extent permitted by law. The Settlement Class Released Claims further include specifically, by way of further description, but not by way of limitation, any and all claims the Settlement Class may have arising out of or in any way related to:

    i.    Any and all allegations set forth in the pleadings in this Action or the Complaints, whether in original or subsequently amended pleadings filed in this Action or the Complaints;

    ii.    Any and all alleged claims related to wages, hours, and/or working conditions that arose from or are related to the causes of action that were asserted or could have been asserted in the Action or the Complaints;

    iii.    Any and all claims under the PAGA, California Labor Code section 2698 *et seq.*, predicated, in whole or in part, on some or all of the

allegations that were or could have been set out in this Action or the Complaints and/or referenced in Paragraph 62 of the Settlement Agreement;

    iv. Any and all fines, penalties, wages, premium wages, interest, restitution, liquidated damages, punitive damages, declaratory relief, and/or injunctive relief allegedly due and owing by virtue of the allegations that were or could have been set out in this Action or the Complaints and/or referenced in Paragraph 62 of the Settlement Agreement, whether based on statutory, regulatory, or common law; and/or

    v. Any and all claims for attorneys' fees, attorneys' costs/expenses, and/or any and all claims based on calculations, distributions or payments made in accordance with the Settlement Agreement.

Notwithstanding any other provision of the Settlement Agreement, including without limitation those claims identified in Paragraph 62 of the Settlement Agreement, "Settlement Class Released Claims" shall not include claims under the federal Fair Labor Standards Act ("FLSA") arising from a Settlement Class Member's employment with Envoy unless the Settlement Class Member has affirmatively opted-in to the case by submitting a timely and valid Claim Form.

15. The Settlement Agreement shall be effective as a bar to any and all of the claims released by Paragraph 62 of the Settlement Agreement (for the Settlement Class) and Paragraph 63 (for the Named Plaintiffs). In furtherance of this ruling, as to any and all claims released by Paragraph 62 (for the Settlement Class) and Paragraph 63 (for the Named Plaintiffs), the Settlement Class (including, without limitation, the Named Plaintiffs) expressly waives any and all rights or benefits conferred on Settlement Class Members by the provisions of section 1542 of the California Civil Code, or any similar provisions under state, federal, or local law. California Civil Code section 1542 provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Court understands that the Notice provided to Class Members included the prior language of section 1542, which was amended effective January 1, 2019, to read as indicated above. The Court finds that the minor changes to the language of section 1542 are non-substantive, and thus the Notice was sufficient notwithstanding the minor change in the language of section 1542.

As to any and all of the claims released by Paragraph 62 (for the Settlement Class) and Paragraph 63 (for the Named Plaintiffs), all Settlement Class Members (including, without limitation, the Named Plaintiffs) understand fully the statutory language of California Civil Code section 1542, and, with this understanding, assume all risks for claims released hereunder that have already arisen or may in the future arise, whether known or unknown, suspected or unsuspected, and specifically waive all rights they may have under California Civil Code section 1542, or any similar provision under state, federal, or local law. The Settlement Class Members (including, without limitation, the Named Plaintiffs) understand that, if any of the facts relating in any manner to this Action, or to the release and dismissal of claims as provided in the Settlement Agreement, are hereafter found to be other than or different from the facts now believed to be true, they have expressly accepted and assumed that risk and agree that this Agreement and the release of claims as set forth in Paragraph 62 (for the Settlement Class) and Paragraph 63 (for the Named Plaintiffs) contained in the Settlement Agreement shall nevertheless remain effective. As to any and all of the claims released by Paragraph 62 (for the Settlement Class) and Paragraph 62 (for the Named Plaintiffs), the Settlement Class

(including, without limitation, the Named Plaintiffs) desires and intends, or is deemed to desire and intend, that the Settlement Agreement shall be given full force and effect according to each and all of its express terms and provisions, including those relating to unknown and unsuspected claims, if any, as well as those relating to the claims referred to above.

16. Upon the Effective Date, all Actions are dismissed with prejudice, with each Party to bear its own costs and attorneys' fees except as provided by the terms of the Settlement Agreement.

17. Pursuant to the Settlement Agreement, the Gross Settlement Value ("GSV") of the Settlement Agreement shall be three million five hundred fifty-five thousand nine-hundred and forty-one U.S. dollars and two cents ($3,555,941.02), and deemed included in that amount will be a total of one million two hundred fifty-five thousand nine hundred and forty-one U.S. dollars and two cents ($1,255,941.02) that Envoy already paid after the filing of the May 25, 2016 Complaint to certain Settlement Class Members to compensate employees for allegedly owed wages pursuant the Los Angeles Living Wage Ordinance, L.A., Cal., Admin. Code, div. 10, ch. 1, art. 11 §§ 10.37 *et seq.* Accordingly, Envoy's total financial commitment pursuant to the Settlement Agreement shall be the non-reversionary Common Fund that will not exceed two million three hundred thousand U.S. dollars and no cents ($2,300,000.00), out of which Defendant will pay any Court-approved attorneys' fees and costs, Enhancement Awards, payments to the Labor Workforce Development Agency ("LWDA") under PAGA, the cost of claims administration, Envoy's share of applicable taxes and withholdings, and the payments to each of the Settlement Class Members who submit valid and timely claim forms. Envoy further agrees to install, within 24 months from Final Approval of this Settlement, Imprint Commercial Couture Strata or comparable anti-fatigue floor mats at each podium used by Passenger Services Agents working at the ticket counters or gates in connection with Envoy's operation in California.

18. Not later than fifteen (15) calendar days after the Effective Date, Envoy shall transfer the Common Fund of $2,300,000 to the Claims Administrator, and the Claims Administrator shall deposit the same into a non-interest-bearing distribution account, pursuant to the Settlement Agreement.

19. The Court has deemed that Class Counsel has adequately represented the Named Plaintiffs and the Settlement Class and hereby **ORDERS** and **AWARDS** Attorneys' Fees in the amount of **$1,185,195** and Costs, in the amount of **$43,885.20**. The Claims Administrator is ordered to pay this Award to Harris & Ruble, 655 N Central Ave 17th floor, Glendale, CA 91203, within ten (10) calendar days of the Claims Administrator's receipt of the Common Fund.

20. Plaintiffs Schroeder, Guerra, Alvarez, Fragoso, and Ramirez are hereby approved as representatives of the Settlement Class or "Named Plaintiffs." The Enhancement Awards of $5,000 each for Plaintiffs Schroeder and Guerra and $1,000 each for Plaintiffs Alvarez, Fragoso, and Ramirez to be paid from the Common Fund are approved. The Claims Administrator is to pay from the Common Fund said amounts to each of the Named Plaintiffs within ten (10) days of Claims Administrator's receipt of the Common Fund. The Claims Administrator shall send the Enhancement Awards to Class Counsel, Harris & Ruble, 655 N Central Ave 17th floor, Glendale, CA 91203.

21. The Parties' allocation of $37,500 from the Gross Settlement Value for a release of Private Attorneys' General Act ("PAGA") claims, which is 75% of the total amount of payout allocated to cover PAGA penalties, to be paid from the Common Fund is approved. The Court hereby approves this Settlement of PAGA claims pursuant to California Labor Code section 2699(l)(2). Accordingly, the LWDA shall be bound by the release(s) of PAGA claims set forth in the Settlement Agreement. In addition, all Settlement Class Members attempting to stand in the shoes of the LWDA and/or the state of California and other purported "aggrieved employees" under the PAGA, or to recover penalties from a PAGA action filed by

another purported "aggrieved employee," shall be bound by the release(s) of PAGA claims set forth in the Settlement Agreement and shall be barred from prosecuting and/or participating in such PAGA action and/or PAGA recovery, unless they timely and properly submitted a Request for Exclusion from the Settlement Agreement. The Claims Administrator is hereby ordered to pay to the LWDA said amount from the Common Fund within ten (10) calendar days of Claims Administrator's receipt of the Common Fund.

22. The Claims Administrator's costs and expenses of $24,500, to be paid from the Common Fund, are approved.

23. After accounting for each of the amounts to be paid pursuant to Paragraph 42 (a) through (d) of the Settlement Agreement, the Claims Administrator is ordered to pay from the Common Fund the Net Settlement Value to each of the Settlement Class members within ten (10) days of Claims Administrator's receipt of the Common Fund.

24. After the Claims Administrator mails out the Settlement Payments, Settlement Class Members shall have one hundred and twenty (120) calendar days to cash the check that was mailed to them. After one hundred and twenty (120) calendar days from the date of mailing, the checks shall become null and void, and any monies remaining in the distribution account shall be distributed to the Controller of the State of California to be held pursuant to the Unclaimed Property Law, California Civil Code section 1500 *et seq.*, for the benefit of those Settlement Class Members who did not cash their checks until such time that they claim their property.

25. In the event that the Effective Date of the Settlement does not occur, this Judgment shall be rendered null and void and any class certified for settlement purposes will be vacated and any other order entered by the Court in furtherance of the Settlement Agreement shall be treated as void *ab initio*. In such an event, the Parties shall return to the status quo as if the Parties had not entered into this

settlement, as provided in the Settlement Agreement, except Paragraphs 32, 69, and 72-74 of the Settlement Agreement shall survive and be binding on the Parties.

26. Judgment is entered pursuant to: (1) the terms of the Settlement Agreement; (2) the November 30, 2018 Order Re: Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Conditional Certification of Settlement Class; and (3) this Order granting final approval of the Class Action Settlement and Final Judgment.

27. Neither this Judgment or Final Approval Order, nor the Settlement Agreement, or Preliminary Approval Order shall be construed as a determination, admission, or concession by any Envoy Releasee of any substantive or procedural issue in this Action, nor is this Judgment a finding of the validity of any of the claims alleged in the Action or a finding of liability or wrongdoing by any Envoy Releasee.

28. The Court finds there is no just reason for delay and **ORDERS** the Clerk to enter judgment pursuant to Federal Rule of Civil Procedure 54 immediately.

29. Without affecting the finality of the Judgment in any way, the Court shall retain exclusive and continuing jurisdiction over the above-captioned parties, including all Settlement Class Members, for purposes of supervising, administering, implementing, enforcing, and interpreting the Settlement Agreement, the Final Approval Order, and this Judgment.

DATED: May 6, 2019

Michael W. Fitzgerald
United States District Judge